**Michael A. Cohen**, OSB #965776
Email: mcohen@schwabe.com
**Nika Aldrich**, OSB #160306
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

**David Ludwig**, Virginia Bar # 73157
(*pro hac vice* forthcoming)
Email: dludwig@dbllawyers.com
**Thomas Dunlap**, Virginia Bar # 44016
(*pro hac vice* forthcoming)
Email: tdunlap@dbllawyers.com
**Jason Witten**, California Bar # 220612
(*pro hac vice* forthcoming)
Email: jwitten@dbllawyers.com
DUNLAP, BENNETT & LUDWIG, PLLC
211 Church St. SE
Leesburg, VA 20175
Telephone: 703-777-7319
Facsimile: 703-777-3656

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **TREVARI MEDIA LLC**, an Oregon limited liability company, and **UNDERWATER INVESTIGATIONS LLC**, an Oregon limited liability company,<br><br>Plaintiffs,<br>v.<br><br>**JOSHUA CANTU,** an individual, doing business as **JUKE MOTION PICTURES**,<br><br>Defendant. | Case No. cv-23-1879<br><br>**COMPLAINT**<br>**(Copyright Infringement; Breach of Contract)**<br><br>**DEMAND FOR JURY TRIAL** |

Page 1   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981

## I.    INTRODUCTION

1. Trevari Media LLC and Underwater Investigations LLC (hereafter "Plaintiffs"), by and through Plaintiffs' attorneys, bring this action to challenge the actions of Joshua Cantu, doing business as Juke Motion Pictures (hereafter "Defendant"), with regard to the unlawful use of copyrighted images owned by Plaintiff, as well as the breach of several contracts, and this conduct caused Plaintiff damages.

## II.    JURISDICTION AND VENUE

2. This is a civil action seeking damages and injunctive relief for copyright infringement, under the copyright laws of the United States, 17 U.S.C. § 101 et. seq., whereby the Defendant violated Plaintiffs' exclusive rights as copyright owner pursuant to 17 U.S.C. § 106.

3. As a result, this court has federal subject matter and original jurisdiction under 28 U.S.C. § 1331 and § 1338(a). This court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because the claims are related to claims for which this court has original jurisdiction and the claims form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because the Defendant resides within this judicial district and a substantial part of the events giving rise to Plaintiffs' claim occurred in this judicial district.

## III.    PARTIES

5. Plaintiff Trevari Media LLC (hereafter "Trevari") is an Oregon limited liability company with its headquarters in Deschutes County, Oregon.

6. Plaintiff Underwater Investigations LLC ("UI") is an Oregon limited liability

Page 2    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981

company with its headquarters in Deschutes County, Oregon.

7. Trevari was formed in 2017. UI was formed in 2022 to undertake the more dangerous field work aspects of Trevari's business operations. Trevari and UI will collectively be referred to hereafter as Adventures With Purpose ("AWP").

8. AWP volunteers to search for, and solve, missing persons cold cases. It is comprised of highly trained outdoorsmen.

9. AWP does not charge for its services. Rather, it has a revenue stream from YouTube and sells AWP-branded merchandise.

10. These income streams fund these vital searches.

11. AWP's success has led to a very large domestic following. AWP has more than 3,000,000 followers on YouTube, 1,600,000 followers on Facebook, and 152,000 followers on Instagram.

12. Defendant Joshua Cantu is an individual who resides in Deschutes County, Oregon and does business under the assumed business name Juke Motion Pictures ("Juke").

13. Cantu primarily makes YouTube videos. He uploads his videos mainly through his YouTube account which uses his personal name.

14. However, Cantu's YouTube account cross-references his assumed business name Juke.

15. This is the same with his Instagram account.

16. In contrast, on Facebook, he uploads videos under his assumed business name Juke.

17. His website (http://jukemotionpictures.com) lists Juke at the bottom of the homepage in the place usually reserved to identify the owner of the website.

Page 3   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981

## IV.    FACTUAL ALLEGATIONS

18. AWP's searches for missing persons usually involve searching in lakes and rivers.

19. When AWP finds something heavy, they use a "lift bag", which resembles a giant balloon, to raise the item to the surface.

20. In or about November, 2020, AWP hired Cantu as an independent contractor to make lift bags.

21. At the beginning of 2021, Cantu's job duties at AWP included assisting with video production, such as camera work.

22. Upon the formation of UI, Cantu signed two written agreements that contained the terms of the oral agreements he had previously been subject to with Trevari as an independent contractor.

23. The Employment Agreement, effective as of July 29, 2022, is attached hereto and incorporated herein as Exhibit A.

24. The Non-Disclosure Agreement, also effective as of July 29, 2022, is attached hereto and incorporated herein as Exhibit B.

25. Further, Cantu entered into a written Editor Agreement with Trevari, effective as of September 30, 2022, that contained the terms of the oral employment agreements he had previously been subject to with Trevari as an independent contractor, since his editing work continued to be undertaken at Trevari even as his work as a camera operator was done at UI.  The Editor Agreement is attached hereto and incorporated herein as Exhibit C.

26. At all times, Cantu's work for AWP was a work-for-hire.

27. AWP was the sole owner of all the video footage and related work product arising

Page 4    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981

from Cantu's work. This is clearly stated in Paragraph 7 of the Editor Agreement, Paragraphs 5-6 of the Employment Agreement, and Paragraphs 2-3 of the Non-Disclosure Agreement, as well as numerous writings between the parties.

28. Cantu's employment was mutually terminated November 8, 2022, the terms of which, including without limitation two months of severance, were memorialized in a Termination Letter, which is attached hereto and incorporated herein as Exhibit D.

29. AWP enjoys copyrights in all of its videos, including those posted on YouTube, and all of the footage related to those videos whether used in the final cut of the video or not.

30. During Cantu's employment, AWP did allow Cantu to use AWP video footage to create a specific kind of content called Behind the Scenes (hereafter "BTS") videos and posted them to Defendant's YouTube account.

31. BTS videos allowed by AWP could not tell the same story as AWP videos, could not detract from AWP's viewership, and could not have a discernible story line. These videos were to be purely behind the scenes footage similar to short films documenting the making of a film.

32. Specifically for the purposes of this matter, AWP maintains copyrights in the raw footage of the videos listed and incorporated herein as Exhibit E as well as the final cut of the videos.

33. Cantu wrongfully used video footage from the shoots listed in Exhibit E, including copyrighted material shot by AWP but not included in the final edits of the videos, for the gain of himself and Juke, in videos he posted on YouTube, listed and incorporated herein as Exhibit F.

34. None of the videos listed in Exhibit F were BTS videos, and none of them were

Page 5   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981

authorized by AWP.

35. All of the videos listed in Exhibit F intended to capitalize on the very stories AWP was paying Cantu to make for AWP.

36. Thus, all of the videos listed in Exhibit F infringe AWP copyrights.

37. On or about February 23, 2023, AWP notified Cantu that the video in Exhibit F entitled "Rewind," along with 3 other videos not listed in Exhibit F, were a copyright violation and a breach of his Employment, Editor, and Non-Disclosure Agreements.

38. Cantu voluntarily removed the Rewind video from public view, but it is still available to watch privately.

39. Between November 26-28, 2023, AWP filed copyright infringement complaints with YouTube against the Defendant for all of the videos in Exhibit F except Rewind.

40. YouTube's complaint policy removes the infringing video and gives the infringer a chance to file a Counter Notification if the infringer believes their use is not infringing. If the infringer files a Counter Notification, then the complainant has ten business days to commence litigation against the infringer seeking the infringer be enjoined from using said video.

41. Cantu filed Counter Notifications for all of the infringing videos set forth in paragraph 39, above. Accordingly, AWP has no choice but to commence this proceeding against Defendant seeking, in part, a court order to restrain the foregoing infringement.

## V.   CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**

(<u>Copyright Infringement</u>)

(Plaintiff Trevari against Defendant)

Page 6   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981

42. Plaintiffs incorporate by reference paragraphs 1-41 of this Complaint as though fully stated herein.

43. Plaintiff Trevari did not consent to, authorize, permit, or allow in any manner the described use of Plaintiff Trevari's unique and original material and/or work on Defendant's website.

44. Plaintiffs are informed and believe and thereon allege that the Defendant breached Title 17 of the U.S. Code in that he published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff Trevari's original and unique works without the Plaintiffs' consent or authority and acquired monetary gain and market benefit as a result.

45. As a result of each and every one of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b).

46. As a further remedy, Plaintiffs seek a court order to restrain the foregoing infringement via a preliminary injunction by noticed motion to be filed at the appropriate time early in this matter, followed by a judgment for a permanent injunction.

## SECOND CLAIM FOR RELIEF

(Breach of Non-Disclosure Agreement)

(Plaintiff UI against Defendant)

47. Plaintiffs incorporate by reference paragraphs 1-46 of this Complaint as though fully stated herein.

48. Cantu did business with and solicited business contacts found or otherwise referred by AWP for purposes of circumventing AWP without AWP's written approval.

Page 7   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981

49. Cantu solicited and engaged in business with AWP's business contacts Dave Sparks, Jacob Grubbs, Britain Lockhart, and Doug Bishop, all of whom he met through AWP.

50. Engaging in the above without AWP's written approval violates Section 4 of the Non-Disclosure Agreement.

51. Cantu's videos listed in Exhibit F used the same formula as AWP in regards to how it tells a story.

52. Cantu used AWP trade secret sonar skills in the videos listed in Exhibit F.

53. These trade secret skills were confidential information as defined in Section 1 of the Non-Disclosure Agreement.

54. The above violates the Limited License to Use this Information contained in Section 8 of the Non-Disclosure Agreement.

55. Cantu used the confidential information to solicit AWP's followers on YouTube, which is a violation of Section 2 of the Non-Disclosure Agreement.

56. Section 3 of the Non-Disclosure Agreement entitles Plaintiff UI to injunctive relief.

57. Section 10 of the Non-Disclosure Agreement entitles the prevailing party to Attorney's Fees.

58. As a result of each and every breach of the Non-Disclosure Agreement, Plaintiff UI is entitled to any actual damages and injunctive relief.

Page 8    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981

### THIRD CLAIM FOR RELIEF

<u>(Breach of Written Employment Agreement)</u>

(Plaintiff UI against Defendant)

59. Plaintiffs incorporate by reference paragraphs 1-58 of this Complaint as though fully stated herein.

60. Cantu's personal use of the footage filmed for AWP without AWP's authorization violated Section 5 of the written Employment Agreement between Plaintiff UI and Defendant.

61. Upon termination of his employment, Cantu did not return AWP property, including but not limited to video footage. This was a violation of Section 13 of the written Employment Agreement.

62. As a result of each and every breach of the Employment Agreement, Plaintiff UI is entitled to any actual damages.

### FOURTH CLAIM FOR RELIEF

<u>(Breach of Oral Employment Agreement)</u>

(Plaintiff Trevari against Defendant)

63. Plaintiffs incorporate by reference paragraphs 1-62 of this Complaint as though fully stated herein.

64. Cantu's personal use of the footage filmed for AWP without AWP's authorization violated the oral Employment Agreement between Plaintiff Trevari and Defendant where said use took place prior to the written Employment Agreement between Plaintiff UI and Defendant.

65. As a result of each and every breach of the oral Employment Agreement, Plaintiff Trevari is entitled to any actual damages.

Page 9   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981

## FIFTH CLAIM FOR RELIEF

### (Breach of Editor Agreement)

(Plaintiff Trevari against Defendant)

66. Plaintiffs incorporate by reference paragraphs 1-65 of this Complaint as though fully stated herein.

67. All of the following acts of Cantu violated Section 3 of the Editor Agreement:

   a. Cantu failed to place all completed edits on Plaintiff Trevari's SSD hard drive.

   b. Cantu failed to return Plaintiff Trevari's SSD hard-drive via pre-paid postage.

   c. Cantu failed to delete any and all files provided and/or used, including the files that he uploaded to his YouTube channel.

   d. Cantu used Plaintiff Trevari's footage that the Editor Agreement required to be deleted or returned.

68. Cantu's actions also violate Section 7 of the Editor Agreement, which states that AWP has ownership of all property and intellectual property of Cantu's work product under the scope of the agreement.

69. As a result of each and every breach of the Editor Agreement, Plaintiff Trevari is entitled to any actual damages.

## VI.    DEMAND FOR JURY TRIAL

70. Plaintiffs demand a trial by jury of any and all causes of action so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant:

1. Finding that Defendant infringed on Plaintiffs' copyrights in Plaintiffs' videos;

Page 10    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981

2. Finding that Defendant breached the Non-Disclosure Agreement;

3. Finding that Defendant breached the Employment Agreement;

4. Finding that Defendant breached the Editor Agreement;

5. Awarding actual damages pursuant to 17 U.S.C. §504(a)(1) for each instance of copyright infringement;

6. Awarding actual damages pursuant to the breach of the Non-Disclosure Agreement;

7. Awarding actual damages pursuant to the breach of the Employment Agreement;

8. Awarding actual damages pursuant to the breach of the Editor Agreement;

9. Awarding costs of litigation and reasonable attorneys' fees related to Plaintiffs' second cause of action pursuant to the terms of the Non-Disclosure Agreement;

10. A preliminary injunction followed by a judgment enjoining the Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. §502(a) and the Non-Disclosure Agreement;

11. Providing such other and further relief as the Court deems just and proper under the circumstances.

Page 11   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981

Dated this 13th day of December, 2023.

                          SCHWABE, WILLIAMSON & WYATT, P.C.

                    By:    <u>*s/ Michael A. Cohen*</u>
                            Michael A. Cohen, OSB #965776
                            Email: mcohen@schwabe.com
                            Nika Aldrich, OSB #160306
                            Email: naldrich@schwabe.com
                            1211 SW 5th Ave., Suite 1900
                            Portland, OR 97204
                            Telephone: 503-222-9981
                            Facsimile: 503-796-2900

                            David Ludwig, Virginia Bar # 73157
                            (*pro hac vice* forthcoming)
                            Email: dludwig@dbllawyers.com
                            Thomas Dunlap, Virginia Bar # 44016
                            (*pro hac vice* forthcoming)
                            Email: tdunlap@dbllawyers.com
                            Jason Witten, California Bar # 220612
                            (*pro hac vice* forthcoming)
                            Email: jwitten@dbllawyers.com
                            Dunlap, Bennett & Ludwig, PLLC
                            211 Church St. SE
                            Leesburg, VA 20175
                            Telephone: 703-777-7319
                            Facsimile: 703-777-3656

                            *Attorneys for Plaintiffs*

Page 12   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981