William G. Wardlow, Esq. (OR Bar # 162043, Cal. Bar # 200933)
Wardlow Law, LLC
111 NW Hawthorne Avenue, Suite 7
Bend, Oregon  97703
Tel:    (541) 903-2311
William@WardlowLaw.com

Attorney for Defendant JOSHUA CANTU


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION


| | |
|---|---|
| TREVARI MEDIA LLC, an Oregon limited liability company, and UNDERWATER INVESTIGATIONS LLC, an Oregon limited liability company, | Case No.: 6:23-cv-01879-MK |
| Plaintiffs/Counter-Defendants, | **ANSWER OF DEFENDANT JOSHUA CANTU TO FIRST AMENDED COMPLAINT, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL** |
| v. | Hon. Mustafa Kasubhai, presiding |
| JOSHUA CANTU, an individual, doing business as JUKE MOTION PICTURES, | |
| Defendant/Counter-Claimant. | |

Defendant/Counterclaimant JOSHUA CANTU ("CANTU" or "Defendant") answers Plaintiffs/Counter-Defendants TREVARI MEDIA LLC ("Trevari") and UNDERWATER INVESTIGATIONS LLC ("UI") (hereinafter collectively referred to as "Plaintiffs") Complaint as follows:

## I.    INTRODUCTION

1.    Defendant admits that he conducts business under the name Juke Motion Pictures. Defendant denies that he unlawfully used "copyrighted images owned by Plaintiff Trevari",

denies that he breached any contracts with Plaintiffs, and denies that Plaintiffs have suffered any damages as a result of Defendant's conduct.

2.      Defendant denies that he violated Plaintiff Trevari's exclusive rights as copyright owner pursuant to 17 U.S.C. § 106 and that Trevari owns the rights as described.

3.      Defendant admits that this court has federal subject matter and original jurisdiction under 28 U.S.C. § 1331 and § 1338(a) with respect to the copyright claims and Trevari's state claims, but denies that this court has supplemental jurisdiction over the claims of UI.

4.      Defendant admits that venue is proper for Trevari's claims but denies that venue is proper for UI's claims.

5.      Admit.

6.      Admit.

7.      Defendant admits that Trevari was formed in 2017 and that UI was formed in 2022.  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations related to the reason for formation of UI.  Defendant denies that both Plaintiffs may be properly collectively referred to as Adventures With Purpose ("AWP").

8.      Defendant denies that UI is comprised of highly trained outdoorsmen.  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8, and on that basis denies said allegations.

9.      Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and on that basis denies said allegations.

10.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and on that basis denies said allegations.

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

11.     Defendant admits Trevari has a large domestic following.  Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11, and on that basis denies said allegations.

12.     Admit.

13.     Defendant admits that he makes videos and uploads them through a YouTube account which uses his personal name.  Defendant denies the remaining allegations of paragraph 13.

14.     Admit.

15.     Defendant admits that he has one or more Instagram accounts.  Defendant denies the remaining allegations of paragraph 15.

16.     Defendant admits that he uploads videos to his "Juke Motion Pictures" Facebook account.

17.     Defendant admits that his website (http://jukemotionpictures.com) lists Juke at the bottom of the homepage, but denies the remaining allegations of paragraph 17.

18.     Defendant admits that Trevari previously searched for missing persons in water. Because AWP has been improperly conflated to include both Plaintiffs, Defendant is lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, and on that basis denies said allegations.

19.     Defendant admits that Trevari previously used lift bags to raise vehicles.  Because AWP has been improperly conflated to include both Plaintiffs, Defendant is lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and on that basis denies said allegations.

20.     Admit.

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

21.    Defendant admits that he, *inter alia*, assisted Trevari with video production and camera work for starting in 2021.

22.    Defendant denies that his very limited oral agreement with Trevari contained the terms that were in the UI agreements.  Defendant also denies the enforceability of said UI agreements for the reasons set forth hereinbelow.

23.    Deny.

24.    Defendant denies that said Employment Agreement ever became effective.

25.    Defendant denies that said Non-Disclosure Agreement ever became effective.

26.    Defendant denies that his very limited oral agreement with Trevari contained the terms that were in said Editor Agreement.  Defendant denies that said Editor Agreement ever became effective for the reasons set forth hereinbelow.  Defendant denies his work as a camera operator was done at UI.

27.    AWP has been improperly conflated to include both Plaintiffs.  Regardless, Defendant denies that any of his work for either Plaintiff was a work-for-hire.

28.    Defendant denies all allegations of paragraph 28, and further specifically denies that the Editor Agreement became effective or is enforceable,

29.    Defendant denies that he was terminated when in fact he resigned as a result of the horrifying and depraved criminal charges lodged against Trevari and UI principal Jared Leisek in Sanpete County, Utah, Case Number 221600333.  Defendant further denies the accuracy and/or enforceability of said Termination Letter.

30.    Deny.

Answer of Defendant Joshua Cantu to FAC,
Counterclaims, and Demand for Jury Trial

**WARDLOW LAW, LLC**
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

31.    Defendant denies that he was employed by Trevari.  Defendant admits that Trevari expressly authorized Defendant's creation of Behind the Scenes (hereafter "BTS") videos and posting them to Defendant's YouTube account.

32.    Defendant denies Trevari's characterization of the parameters of Defendant's BTS videos.

33.    Defendant denies the validity of Trevari's copyrights as well as the alleged scope thereof.

34.    Deny.

35.    Deny.

36.    Deny.

37.    Deny.

38.    Defendant admits that he received an email from UI on February 23, 2023, but denies that correspondence alleged any "copyright violations", and denies that Trevari "notified" him.  Defendant further denies that his "Rewind" video constituted new material as it was merely a complication of videos already posted.  Defendant denies that his creation of any of his videos violated any alleged agreements with any Plaintiff or any of their rights.  Defendant further denies that said February 23, 2023 email contained any reference to an "Editor Agreement".  Defendant further denies the enforceability of the alleged Employment Agreement.  Defendant is uncertain as to the "numerous writings between the parties" and on that basis denies that allegation.

39.    Admit.

40.    Defendant admits that in late November Trevari filed numerous copyright complaints with YouTube against his videos and such complaints excluded the Rewind video.

Page 5       Answer of Defendant Joshua Cantu to FAC,
Counterclaims, and Demand for Jury Trial

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

Defendant denies that his creation of any of his videos violated any alleged rights of Trevari.

Defendant lacks information or knowledge sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 40, and on that basis denies said allegations.

41.    Admit.

42.    Defendant admits that he ultimately filed Counter Notifications with YouTube

related to Trevari's copyright complaints, but only after his attempts to discuss the matter with

Trevari went unanswered, and only after he received a threatening letter from Trevari's counsel

which allowed less than 24 hours for compliance and which repeatedly misstated key facts.

Defendant denies that any video was infringing.  Defendant denies that all videos in paragraph

39 were included in Trevari's copyright complaints.  Defendant denies the remaining allegations

of paragraph 42.

43.    In response to paragraph 43, Defendant incorporates his responses to paragraphs 1

through 42 as though fully set forth herein.

44.    Deny.

45.    Deny.

46.    Deny.

47.    Defendant denies that there was any infringement and denies that Trevari is

entitled to any injunctive relief.

48.    In response to paragraph 48, Defendant incorporates his responses to paragraphs 1

through 47 as though fully set forth herein.

49.    Deny.

50.    Defendant admits that he volunteered to film for Doug Bishop, Jacob Grubbs, &

Britain Lockhart following his resignation and denies all remaining allegations of paragraph 50.

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

51.     Deny.

52.     Deny.

53.     Deny.

54.     Deny.

55.     Deny.

56.     Deny.

57.     Deny.

58.     Deny.

59.     Defendant denies the enforceability of said Non-Disclosure Agreement, but in the event that said Non-Disclosure Agreement is found enforceable, Defendant admits the prevailing party is entitled to, *inter ali*a, attorney fees subject to other applicable rules of procedure and statues.

60.     Deny.

61.     In response to paragraph 61, Defendant incorporates his responses to paragraphs 1 through 60 as though fully set forth herein.

62.     Deny.

63.     Defendant denies that he was "terminated", denies that he failed to return any UI property, denies that video footage belonged to UI, and denies the enforceability of said Employment Agreement.

64.     Deny.

65.     In response to paragraph 65, Defendant incorporates his responses to paragraphs 1 through 64 as though fully set forth herein.

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

66.     Defendant admits that he had a limited oral agreement with Trevari, but specifically denies that he was employed and generally denies all other allegations of paragraph 66.

67.     Deny.

68.     In response to paragraph 68, Defendant incorporates his responses to paragraphs 1 through 67 as though fully set forth herein.

69.     Defendant denies the enforceability of said Editor Agreement and specifically denies each of the allegations set forth as (a)-(d).

70.     Defendant denies the enforceability of said Editor Agreement and specifically denies Trevari's characterization and effect of the terms thereof.

71.     Deny.

72.     Defendant agrees to a trial by jury on any and all causes of action.

73.     The remainder of Plaintiffs' Complaint contains a prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any of the relief sought.

74.     Except as expressly admitted, Defendant denies each and every allegation in Plaintiffs' Complaint and the whole thereof.

75.     Defendant seeks recovery of his attorney fees and costs, pursuant to, *inter alia*, 17 USC § 505 for Trevari's First Claim for Relief alleging copyright infringement, any agreement between any Plaintiff and Defendant providing for such fees, ORS § 20.082 for UI's Third Claim for Relief alleging Breach of Written Employment Agreement, ORS § 20.082 against Trevari for its Fourth and Fifth claims based on alleged breaches of contract.

Answer of Defendant Joshua Cantu to FAC, Counterclaims, and Demand for Jury Trial

**WARDLOW LAW, LLC**
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON 97703
541.903.2311

76.     By alleging the separate and additional defenses set forth below, Defendant is in no way conceding or agreeing that Defendant has the burden of proof or the burden of persuasion beyond that provided by law. By further answer by way of additional or affirmative defenses, Defendant alleges:

**FIRST DEFENSE**
**(Failure to State a Claim)**

77.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**
**(Statute of Limitations)**

78.     Plaintiffs' claims are barred by the applicable statutes of limitations.

**THIRD DEFENSE**
**(Estoppel)**

79.     Plaintiffs, by their own acts and omissions, are estopped in whole or in part from asserting their claims, because Defendant relied on representations made by Plaintiffs.

**FOURTH DEFENSE**
**(Waiver)**

80.     Plaintiffs have waived their claims, because, *inter alia*, Plaintiffs expressly allowed Defendant to use the footage in the manner he did and otherwise waived particular conditions of the parties' alleged agreements.

**FIFTH DEFENSE**
**(No Attorney Fees – 17 USC § 412)**

81.     For each of the subject works, Trevari failed to register copyrights prior to the alleged infringement and is therefore, pursuant to 17 USC § 412, barred from asserting a claim for attorney fees under 17 USC § 505.

Answer of Defendant Joshua Cantu to FAC,
          Counterclaims, and Demand for Jury Trial

**WARDLOW LAW, LLC**
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

## SIXTH DEFENSE
### (No Statutory Damages – 17 USC § 412)

82.     For each of the subject works, Trevari failed to register copyrights prior to the

alleged infringement and is therefore, pursuant to 17 USC § 412, barred from asserting a claim

for statutory damages under 17 USC § 504.

## SEVENTH DEFENSE
### (No Attorney Fees)

83.     Plaintiffs are not entitled to attorney fees pursuant to any other source.

## EIGHTH DEFENSE
### (No Damages)

84.     Plaintiffs did not incur damages and did not suffer an ascertainable loss of money

or property.

## NINTH DEFENSE
### (Unclean Hands)

85.     Plaintiffs' claims are barred in whole or in part under the doctrine of unclean

hands.

## TENTH DEFENSE
### (Laches)

86.     Plaintiffs' claims are barred in whole or in part under the doctrine of laches.

## ELEVENTH DEFENSE
### (Failure to Perform Conditions Precedent)

87.     Plaintiffs' claims fail to the extent they intend to rely upon a contractual promise,

because Defendant did not make a contractual promise. To the extent a contract with Defendant

is deemed to exist, Defendant performed all obligations required of him and Plaintiffs failed to

perform their contractual obligations.

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

**TWELFTH DEFENSE**
**(No Special Damages)**

88.     To the extent Plaintiffs intends to seek special damages, they did not suffer and

are not entitled to such special damages, nor are they adequately pled.

**THIRTEENTH DEFENSE**
**(Consistent with Law and Applicable Regulations)**

89.     The Complaint and each claim set forth therein are barred because Defendant's

conduct was consistent with all applicable laws and regulations.

**FOURTEENTH DEFENSE**
**(No Willful Conduct)**

90.     Defendant has not engaged in any willful conduct, including that Defendant did

not know and should not have known that any conduct would violate the terms of any purported

agreement and/or applicable law(s).

**FIFTEENTH DEFENSE**
**(Failure to Mitigate or Avoid Damages)**

91.     To the extent that Plaintiffs have failed to mitigate any damages or avoid damages

alleged in the Complaint, any damages must be eliminated or reduced.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Authority)**

92.     Plaintiffs' claims are barred because Plaintiffs authorized and ratified the conduct

which they now claim caused damage.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Performance)**

93.     Plaintiffs' claims are barred because Defendant has fully performed any and all

duties or obligations owed to Plaintiff.

Page 11        Answer of Defendant Joshua Cantu to FAC,
               Counterclaims, and Demand for Jury Trial

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

94.    Plaintiffs' claims are barred because Plaintiffs would be unjustly enriched if allowed to recover on any claim set forth in their Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Consent)

95.    Plaintiffs' claims are barred to the extent that they consented to and approved the acts and omissions about which they now complain.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Comparative Fault)

96.    Plaintiffs' claims are barred to the extent that any party or other entity or person is found to be at fault or liable to Plaintiffs.  The conduct of all such parties, persons or entities must be compared to determine the respective percentage of fault or liability of each such party, person or entity, and Defendant may not be held liable for the percentage of the claimed damages caused or contributed to by entities, persons or individuals other than Defendant, whether they be parties to this action or not.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Exercise Due Care)

97.    Plaintiffs' claims are barred by virtue of their own acts and/or the acts or omissions of others chargeable to them, as they failed to exercise the quality and quantity of care and caution for which a reasonable person in the same or similar circumstances would have exercised, and any recovery by Plaintiffs should thereby be diminished or barred.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint denied hereinabove.

Page 12        Answer of Defendant Joshua Cantu to FAC,
Counterclaims, and Demand for Jury Trial

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Causation)

98.    Plaintiffs' claims are barred in that no acts or omissions to act alleged against Defendant, or any acts or omissions to act on the part of any persons or entities for whose acts or omissions Defendant was or may have been legally responsible, were a substantial cause or contributed in any manner or to any degree to any losses or damages for which recovery is sought by Plaintiffs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Third Party Fault)

99.    Plaintiffs' claims are barred because any injury, loss or damage sustained by Plaintiffs, if any, was proximately caused or contributed to by persons or entities other than Defendant, over which Defendant had no authority or control.  Defendant cannot be held liable for injury, loss or damage, if any, caused by such independent persons or entities, whether they be parties to this action or not.  Therefore, the damages, if any, recoverable by Plaintiffs must be diminished in proportion to the fault attributable to such other persons and/or entities.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Superseding Cause)

100.    Plaintiffs' claims are barred because the legal fault alleged in their Complaint as to Defendant was not a substantial factor in bringing about the loss and/or damages alleged by Plaintiffs and, therefore, was not a contributing cause, but was superseded by the negligence and/or other legal fault of one or more third parties whose conduct was an independent, intervening and sole cause of any alleged injuries or damages purportedly suffered by Plaintiffs.

Page 13        Answer of Defendant Joshua Cantu to FAC,
Counterclaims, and Demand for Jury Trial

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Lack of Notice)

101.    Plaintiffs' claims are barred because Plaintiffs failed to give Defendant reasonable notice of any wrongful conduct or damage as alleged in their Complaint and failed to give notice as required by law and ethics.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

102.    Plaintiffs are barred, estopped and precluded from recovery herein pursuant to the doctrine of equitable estoppel.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Ownership)

103.    Plaintiffs' claims against Defendant based on, or otherwise related to, property which is not within the control or jurisdiction of Defendant should be denied.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Uncertainty)

104.    Plaintiffs' claims are barred because their claims are uncertain and ambiguous as to damages against Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Outside of Scope of Contract)

105.    Plaintiffs' claims are barred because the allegations of the Complaint allege obligations non-existent, not contracted, for and outside of any purported agreement of the parties or any of them.  Said actions work as a complete bar to any recovery herein.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Failure in Equity)

106.    Plaintiffs' claims are barred by reason of Plaintiffs' failure to do equity in the matters alleged in the Complaint.

Answer of Defendant Joshua Cantu to FAC, Counterclaims, and Demand for Jury Trial

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Breach of Contract)

107.    To the extent any contract exists between Plaintiffs and Defendant, Plaintiffs' claims are barred because Plaintiffs breached said contract(s) with Defendant in that they did not comply with all of the material conditions and covenants of the contract in question, and failed to perform, relieving Defendant from any obligation under such contract(s).

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Frustration of Performance)

108.    Plaintiffs' claims are barred to the extent that Plaintiffs' conduct frustrated the ability of performance by Defendant, therefore Defendant cannot be held liable.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Duplicative Claim)

109.    Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Defendant or others for any alleged single wrong.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Fair Use)

110.    Plaintiffs' claims are barred because any use by Defendant of copyrighted materials constituted Fair Use under 17 USC § 107.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Copyright Misuse)

111.    Plaintiffs' claims are barred based on their misuse of copyrights contrary to the public interest.  Such conduct includes, but is not limited to, attempts to claim exclusive ownership of material that is co-owned by Defendant, attempts to disavow prior oral agreements related to the use of such material, malicious use of copyright claims on YouTube, draconian

Page 15        Answer of Defendant Joshua Cantu to FAC, Counterclaims, and Demand for Jury Trial

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

demand letters from Plaintiffs' counsel which include patently false threats of statutory damages

and attorney fees, and malicious prosecution of said claims.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Actual License)

112.    To the extent Defendant was obligated to obtain a license for use of any footage,

Plaintiffs provided such a license.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Trade Secrets)

113.    Plaintiffs have failed to take steps to protect their alleged trade secret material.

Such information is also readily ascertainable through legitimate methods, including instructions

set forth in Plaintiffs' own videos.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Concealment)

114.    Plaintiffs concealed known facts material to the transactions involving the alleged

contracts, including the pending child rape charges against Trevari and UI principal Jared Leisek

which were known to Trevari and UI and hidden from Defendant at the time of said transactions.

Had Defendant known of these allegations he would never have signed any such agreements and

instead would have promptly discontinued working with Plaintiffs and each of them.

## THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Superseding Agreement)

115.    By its own terms, UI's Employment Agreement "supersedes any prior written or

oral agreements between the parties" which necessarily includes the Non-Disclosure Agreement

which was entered prior to the Employment Agreement.

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

## FORTIETH AFFIRMATIVE DEFENSE
### (Implied License)

116.    Defendant contends that he is not liable for copyright infringement because

Plaintiffs granted him an implied license in the Trevari's copyrighted work.

## FORTY-FIRST AFFIRMATIVE DEFENSE
### (Alter Ego)

117.    Because there is a unity of ownership and interest between the owners of

Plaintiffs and each of them, and because Plaintiffs are merely extensions each others' interests,

each Plaintiff should be jointly and severally liable for any judgment in Defendant's favor.

## FORTY-SECOND AFFIRMATIVE DEFENSE
### (Unexecuted Editor Agreement)

118.    Among other reasons, because Trevari never signed the Editor Agreement, that

agreement never became effective.

## FORTY-THIRD AFFIRMATIVE DEFENSE
### (Lack of Particularity)

119.    Plaintiffs have not set out its claims with sufficient particularity to permit

Defendant to raise all appropriate defenses.  Accordingly, Defendant reserves the right upon

completion of its investigation and discovery to add such further defenses as may be appropriate

when the factual bases for the Complaint, if any, become known and to amend his Answer

accordingly.

## COUNTERCLAIMS

120.    Defendant repeats, re-alleges and incorporates each of the allegations, averments,

responses, denials and affirmative defenses set forth in paragraphs 1 through 118 of the Answer

to the First Amended Complaint as if fully set forth herein and further alleges against Plaintiffs

on knowledge as to his own acts and otherwise on information and belief, as follows:

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

121.    This court also has supplemental jurisdiction over Defendant's state law claims pursuant to 28 U.S.C. § 1367(a) because the claims are related to claims for which this court has original jurisdiction and the claims form part of the same case or controversy.

122.    Plaintiff UI is an Oregon limited liability company with its headquarters in Deschutes County, Oregon.

123.    Trevari was formed in 2017. UI was formed on May 21, 2022

124.    Defendant Joshua Cantu is an individual who resides in Deschutes County, Oregon and does business under the assumed business name Juke Motion Pictures ("Juke").

125.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because both Plaintiffs reside within this judicial district and a substantial part of the events giving rise to Defendant's claim occurred in this judicial district.

126.    Plaintiff Trevari is an Oregon limited liability company with its headquarters in Deschutes County, Oregon.

## DEFENDANT'S FIRST COUNTERCLAIM AGAINST TREVARI
## FOR BREACH OF ORAL CONTRACT

127.    Defendant incorporates by reference paragraphs 1-126 of this pleading as though fully stated herein.

128.    In early 2021, Defendant and Trevari came to an oral agreement whereby Defendant would film footage for Trevari and, in addition to a nominal payment, Defendant was expressly allowed to use said footage to produce videos related to Trevari's projects.

129.    Throughout 2021 and during 2022, Defendant filmed footage for Trevari and created said videos with Trevari's blessing.  Trevari was well aware of Defendant's videos and actively encouraged them, as the revenue generated thereby made up for Defendant's subsistence

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

payment and also helped generate views for Trevari's related videos and new subscribers for Trevari.

130.    In spite of Trevari's repeated approval of said videos, following Defendant's decision to part ways with Plaintiffs, Trevari wrongfully demanded that Defendant remove said videos from his channel, including a number of videos that are not part of the instant action. Trevari then had his attorney send a threatening letter which include patently false threats of statutory damages and attorney fees and wrongfully demanded removal of said videos. Trevari then filed YouTube copyright complaints against eleven (11) of Defendant's videos, only five (5) of which are the subject of the instant action. Trevari's actions amounted to a breach of its oral agreement with Defendant. Defendant performed all of his obligations under said agreement.

131.    As a direct result of Trevari's actions, Defendant is informed, believes, and thereon alleges that YouTube took down Defendant's entire channel on or about November 28, 2023 and did not partially restore it until on or about December 26, 2023. During that time, Defendant lost at least $3,434 in revenue and lost at least 21,000 subscribers since November 8, 2023. The total amount of such losses shall be proven at time of trial.

132.    By navigating YouTube's system and filing Counter Notifications, Defendant was able to mitigate some of his losses, but five of the videos remain down per YouTube's policy during the pendency of the instant action. Had Defendant taken no action against the eleven (11) copyright claims, his channel (which has in excess of 100,000 subscribers) would have been deleted. Based on Trevari's threats and actions, Defendant also removed over 70 other videos rather than risk having his channel shut down. Because Defendant's damages are continuing in nature, the total, which is well in excess of $10,000, shall be proven at the time of trial.

Page 19       Answer of Defendant Joshua Cantu to FAC,
              Counterclaims, and Demand for Jury Trial

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON 97703
541.903.2311

**DEFENDANT'S SECOND COUNTERCLAIM AGAINST ALL PLAINTIFFS**
**FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

133.    Defendant incorporates by reference paragraphs 1-132 of this pleading as though fully stated herein.

134.    The duty of good faith and fair dealing prohibited Plaintiffs in acting in a way that destroyed or injured the rights of Defendant or that frustrated or defeated the object of their agreements.

135.    Plaintiffs were angry with Defendant after Defendant's resignation (which followed the child rape charges against Trevari and UI principal Jared Leisek) and embarked on a course of action designed to inflict the maximum possible damage and emotional distress. Plaintiffs' actions included those described hereinabove as well as rescinding Defendant's authorization to use footage for his own videos and refusal to allow Defendant to edit and/or post new videos.

136.    Plaintiffs breached their duties of good faith and fair dealing and caused the damages described hereinabove as well as other foreseeable damages including, *inter alia*, lost time, damage to reputation, lost business opportunities, lost subscribers, and associated fees and costs.  Such damages are well in excess of $10,000 and shall be proven at the time of trial.

**DEFENDANT'S THIRD COUNTERCLAIM AGAINST PLAINTIFFS**
**FOR CONCEALMENT**

137.    Defendant incorporates by reference paragraphs 1-136 of this pleading as though fully stated herein.

138.    At the time Defendant signed each of the agreements with Plaintiffs, he was unaware that Trevari and UI principal, Jared Leisek, was facing criminal charges for the rape of a very young child.  Defendant is informed, believes, and thereon alleges that Leisek was aware

**WARDLOW LAW, LLC**
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

that such charges were imminent, but kept that important fact to himself because he knew that Defendant would not want to be associated with him or his companies (Defendant was a popular on-screen personality), that such charges would severely impact Trevari and UI's revenue, and that such charges would create a profoundly negative association for anyone who remained connected to those companies and the Adventures With Purpose ("AWP") YouTube channel.

139.    Plaintiffs concealed this critical known fact which was material to the transactions, and therefore engaged in actionable fraud.

140.    Plaintiffs were also committing Defendant to a non-compete agreement, confidentiality agreement, and attempting to have him give up established rights in the underlying footage.

141.    Defendant's damages continue to this day, as videos featuring Defendant filmed after the date of said agreements are still on the AWP YouTube channel, thereby negatively affecting his reputation, he has been forced to defend claims of breach of contract, and the uncertainty of his legal standing (coupled with Plaintiffs' threats) prevents him from fully engaging in his trade.  Such damages are well in excess of $10,000 but will be ultimately proven at trial.

142.    Defendant seeks an Order invalidating each of the written agreements with Trevari and UI.

143.    Based upon Plaintiffs' deliberate, calculated, intentional, willful, and malicious acts and omissions Defendant also seeks punitive damages in an amount to be determined by the jury or Court.

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

**DEFENDANT'S FOURTH COUNTERCLAIM AGAINST PLAINTIFFS
FOR FRAUD IN THE INDUCEMENT**

144.    Defendant incorporates by reference paragraphs 1-143 of this pleading as though fully stated herein.

145.    As stated above, Plaintiffs induced Defendant to enter into various written agreements while intentionally misrepresenting the facts.

146.    Defendant seeks an Order rescinding each of the written agreements with Trevari and UI.

**DEFENDANT'S FIFTH COUNTERCLAIM AGAINST ALL PLAINTIFFS
FOR INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS**

147.    Defendant incorporates by reference paragraphs 1-146 of this pleading as though fully stated herein.

148.    Defendant had existing economic relationships with YouTube and his subscribers which generated income.

149.    Plaintiffs intentionally interfered with said relationship by making unjustified copyright claims against Defendant's channel and causing his channel and various videos to be taken down.

150.    Plaintiffs were not a party to Defendant's economic relationships.

151.    Plaintiffs' interference was based on an improper purpose, namely to punish Defendant for resigning.

152.    Defendant's economic relationships were was harmed in that his channel was taken down, his videos were taken down, his reputation with YouTube was and remains damaged, he lost income, his subscribers lost access to videos, and he lost existing and

Answer of Defendant Joshua Cantu to FAC,
Counterclaims, and Demand for Jury Trial

**WARDLOW LAW, LLC**
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

prospective subscribers.  Such damages are well in excess of $10,000 but will be ultimately proven at trial.

153.    Defendant is informed, believes, and thereon alleges that Plaintiffs willfully interfered with said economic relationship without justification and maliciously sought to damage Defendant's relationship with YouTube and his subscribers and therefore seeks punitive damages for the sake of example and by way of punishing Plaintiffs in an amount to be determined by the jury or Court, but no less than One Hundred Thousand Dollars ($100,000).

**DEFENDANT'S SIXTH COUNTERCLAIM AGAINST TREVARI
FOR COPYRIGHT CANCELLATION**

154.    Defendant incorporates by reference paragraphs 1-153 of this pleading as though fully stated herein.

155.    Because Defendant shot the subject footage was while he was an independent contractor, and because no prior work-for-hire agreement existed, Defendant is a joint author of footage that is the subject of Trevari's copyrights identified on its Copyright Report (Document 8).

156.    Trevari failed to identify Defendant as a joint author as required by, *inter alia*, 17 USC § 409 *and* Section 618.1 of the Compendium of U.S. Copyright Office Practices, Third Edition (2021).

157.    Defendant seeks an Order requiring Trevari to cancel each of its copyright registrations identified on Document 8 pursuant to, *inter alia*, Section 1807.4(F) of the Compendium of U.S. Copyright Office Practices, Third Edition (2021).

///

///

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Complaint, and having asserted defenses and affirmative defenses, Defendant prays for judgment as follows defendants pray for the following relief:

a.      Dismissal of Plaintiffs' First Amended Complaint with prejudice;

b.      For Defendant's costs and disbursements and prevailing party fees as provided by law and for any and all attorney fees allowed by law;

c.      For damages as described hereinabove and/or otherwise allowed by law;

d.      For an Order invalidating each of the written agreements with Trevari and UI.

e.      For punitive damages in an amount to be determined by the jury or Court for Plaintiffs' concealment and intentional interference with economic relations;

f.      For an Order rescinding each of the written agreements with Trevari and UI;

g.      For an Order requiring Trevari to cancel each of its copyright registrations;

h.      For an Order confirming that Trevari and UI are jointly and severally liable for any judgment in favor of Defendant;

i.      For appropriate set-offs where applicable under law; and

j.      For such other and further relief as the court deems just and equitable.

///

///

///

///

///

///

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial on all issues.


DATED this 12th day of March, 2024.

       **WARDLOW LAW, LLC**

By:  *s/ William G. Wardlow*
    **William G. Wardlow**, OSB #162043
    William@WardlowLaw.com
    Phone: 541-903-2311
    Attorney for Defendant/Counterclaimant,
    JOSHUA CANTU