**Michael A. Cohen**, OSB #965776
Email: mcohen@schwabe.com
**Nika Aldrich**, OSB #160306
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

(Additional Counsel Shown on Signature Page)

     *Of Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TREVARI MEDIA LLC**, an Oregon limited liability company, and **UNDERWATER INVESTIGATIONS LLC**, an Oregon limited liability company,<br><br>       Plaintiffs,<br>  v.<br><br>**JOSHUA CANTU**, an individual, doing business as **JUKE MOTION PICTURES,**<br><br>       Defendant. | No. 6:23-cv-01879-MK<br><br>**PLAINTIFFS' OMNIBUS MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND DISMISS DEFENDANT'S COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM**<br><br>**Oral Argument Requested** |

# TABLE OF CONTENTS

MOTIONS ........................................................................................................................ 1

INTRODUCTION AND SUMMARY ........................................................................... 1

MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES UNDER
FEDERAL RULE OF CIVIL PROCEDURE 12(F) ...................................................... 2

    I.     The Court Should Strike Pleaded "Affirmative Defenses" That Merely
           Allege Plaintiffs Cannot Meet Their Burden of Proof............................... 3

    II.    The Court Should Strike Pleaded "Affirmative Defenses" That Are Not
           Recognized Under Applicable Law. ........................................................... 3

          A.     Thirteenth Defense (Consistent with Law and Applicable
                   Regulations) ................................................................................ 4

          B.     Eighteenth Defense (Unjust Enrichment) .................................. 4

          C.     Twenty-First Defense (Failure to Exercise Due Care) .............. 4

          D.     Twenty-Third Defense (Third Party Fault)................................. 5

          E.     Twenty-Fourth Defense (Superseding Cause) ........................... 5

          F.     Twenty-Fifth Defense (Lack of Notice) .................................... 5

          G.     Twenty-Eighth Defense.  (Uncertainty)...................................... 5

          H.     Thirty-Ninth Defense (Superseding Agreement)....................... 6

          I.     Forty-First Defense (Alter Ego)................................................. 6

          J.     Forty-Second Defense (Unexecuted Editor's Agreement) ........ 6

          K.     Forty-Third Defense (Lack of Particularity)............................. 6

    III.   Affirmative Defenses That the Court Should Strike Because They Are
           Insufficiently Pleaded. .............................................................................. 7

          A.     Third Defense (Estoppel)............................................................ 7

          B.     Fourth Defense (Waiver) ............................................................ 7

          C.     Ninth Defense (Unclean Hands) ................................................. 7

          D.     Tenth Defense (Laches) .............................................................. 8

    PLAINTIFFS' OMNIBUS MOTION TO STRIKE
                  DEFENDANT'S AFFIRMATIVE DEFENSES AND TO
                  DISMISS DEFENDANT'S COUNTERCLAIMS

E.      Eleventh Defense (Failure to Perform Conditions Precedent)...................... 8

F.      Fifteenth Defense (Failure to Mitigate or Avoid Damages) ...................... 9

G.     Sixteenth Defense (Authority) and Nineteenth Defense (Consent)............ 9

H.     Twentieth Defense (Comparative Fault)........................................................ 9

I.       Twenty-Sixth Defense (Equitable Estoppel) ........................................... 10

J.      Thirtieth Defense (Failure in Equity)......................................................... 10

K.     Thirty-Second Defense (Frustration of Performance) .............................. 10

L.      Thirty-Third Defense (Duplicative Claim) ............................................... 10

M.    Thirty-Fourth Defense (Fair Use) .............................................................. 10

N.     Thirty-Fifth Defense (Copyright Misuse)................................................. 11

O.     Thirty-Sixth Defense (Actual License)...................................................... 11

P.      Thirty-Eighth Defense (Concealment)....................................................... 12

Q.     Fortieth Defense (Implied License) ........................................................... 12

R.      Forty-Fourth Defense (Fraud in the Inducement)..................................... 12

IV.    The Court Should Strike All of Defendant's Affirmative Defenses.................... 13

MOTION TO DISMISS DEFENDANT'S COUNTER-CLAIMS FOR FAILURE TO
STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ................. 13

I.       Defendant's First Counterclaim Should be Dismissed Because the Terms
of the Oral Contract as Pled do Not Match the Alleged Breach.  In
Addition, Defendant's Answers Admit that the Alleged Contract No
Longer Existed. ................................................................................................ 14

II.     Defendant's Second Counterclaim Should be Dismissed Because it
Alleges that Plaintiffs Had a Duty to Operate in Good Faith to Carry Out
an Agreement that no Longer Existed. ................................................................ 15

III.    Defendant's Fifth Counterclaim Should Be Dismissed Because it is a State
Claim Preempted by Federal Law........................................................................ 16

IV.    Defendant's Sixth Counterclaim Should be Dismissed Because it is not a
Recognizable Claim and Requests an Unavailable Remedy. ............................... 17

     PLAINTIFFS' OMNIBUS MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES AND TO
DISMISS DEFENDANT'S COUNTERCLAIMS

V.    Defendant's Seventh Counterclaim Should Be Dismissed Because It States a Claim Which is Not Recognized in Oregon Law...............................................19

VI.   Defendant's Eighth Counterclaim Should be Dismissed Because He Cannot Prove a Claim for Unconscionable Actions, Fails to Allege Any Damages, and the Claim is Barred by the Statute of Limitations.........................19

CONCLUSION.........................................................................................................22

PLAINTIFFS' OMNIBUS MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND TO DISMISS DEFENDANT'S COUNTERCLAIMS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amaretto Ranch Breedables, LLC* v. *Ozimals, Inc.*,
  2011 U.S. Dist. LEXIS 73853 (N.D. Cal. July 8, 2011)..........................................................17

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
  2014 U.S. Dist. LEXIS 13342 (C.D. Cal. Jan. 31, 2014) ......................................................11

*Anderson v. Fisher Broadcasting Cos.*,
  712 P.2d 803 (Or. 1986) .........................................................................................................19

*Apple Inc. v. Psystar Corp.*
  658 F.3d 1150 (9th Cir. 2011) ................................................................................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).........................................................................................................13, 14

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990) ..................................................................................................14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................................................14

*Bennett v. Farmers Ins. Co.*,
  945 P.2d 595 (Or. App. 1997)....................................................................................................7

*Brownstein v. Lindsay*,
  742 F.3d 55 (3rd Cir. 2014) ....................................................................................................18

*Cardinell Crest Homeowners Ass'n v. Lord*,
  982 P.2d 35 (Or. Ct. App. 1999)...............................................................................................9

*Cinq Music Grp., LLC v. Create Music Grp., Inc.*,
  2023 U.S. Dist. LEXIS 17204 (C.D. Ca. Jan. 31, 2023) ..................................................16, 17

*Complex Media, Inc.* v. *X17, Inc.*,
  2019 U.S. Dist. LEXIS 128129 (C.D. Cal. Mar. 4, 2019).......................................................17

*Davis v. HSBC Bank Nevada, N.A.*,
  691 F.3d 1152 (9th Cir. 2012) ................................................................................................12

*Doe v. Archdiocese of Portland.*
  2014 U.S. Dist. LEXIS 58613 (D. Or. March 14, 2014) ...........................................................5

*Ferdik v. ABC, Inc.*,
  2008 U.S. Dist. LEXIS 114479 (D. Or. July 22, 2008) ........................................19

*Ford v. Hyundai Motor Am.*
  2024 U.S. Dist. LEXIS 40876 (C.D. Cal. January 3, 2024) ...................................12

*Hanns v. Hanns*,
  423 P.2d 499 (Or. 1967) .........................................................................................8

*Keppinger v. Hanson Crushing, Inc.*,
  983 P.2d 1084 (Or. Ct. App. 1999)..........................................................................7

*Lasley v. Combined Transp. Inc.*,
  261 P.3d 1215 (Or. 2011) ........................................................................................5

*McGanty v. Staudenraus*,
  901 P.2d 841 (Or. 1995) .......................................................................................16

*Moyer v. Columbia State Bank*,
  505 P.3d 26 (Or. Ct. App. 2021).............................................................................6

*N. Star Int'l v. Ariz. Corp. Comm'n*,
  720 F.2d 578 (9th Cir. 1983) .................................................................................13

*Online Pol'y Grp. V. Diebold, Inc.*,
  337 F. Supp. 2d 1195 (N.D. Cal 2004) .................................................................17

*Parks Sch. of Bus. v. Symington*,
  51 F.3d 1480 (9th Cir. 1995) .................................................................................13

*Petrella v. MGM*,
  572 U.S. 663 (2014)................................................................................................8

*Simmons v. Navajo County.*
  609 F.3d 1011 (9th Cir. 2010) ............................................................................2, 7

*Smith v. Bank of N.Y. Mellon.*
  2019 U.S. Dist. LEXIS 126913 (W.D. Wash. July 30, 2019) .................................4

*Tovar v. U.S. Postal Service*,
  3 F.3d 1271 (9th Cir. 1993) ....................................................................................2

*Voltage Pictures, LLC v. Blake.*
  2015 U.S. Dist. LEXIS 169717 (D. Or. Dec. 17, 2015) .........................................7

*Welch v. Washington County*,
  842 P.2d 793 (Or. 1992) .......................................................................................10

Page ii     PLAINTIFFS' OMNIBUS MOTION TO STRIKE
            DEFENDANT'S AFFIRMATIVE DEFENSES AND TO
            DISMISS DEFENDANT'S COUNTERCLAIMS

*Willamette Waterfront v. Little Amsterdam W. LLC.*
   2016 Ore. Cir. LEXIS 6105 (4th J. Cir. 2016).............................................................4

*Zivkovic v. Southern California Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002) ..........................................................................2, 3

**Statutes**

17 U.S.C. § 107...................................................................................................11

17 U.S.C. § 412.....................................................................................................3

17 U.S.C. § 512(c)...............................................................................................17

17 U.S.C. § 512(f)...............................................................................................17

Copyright Act........................................................................................................8

Or. Rev. Stat. § 31.600.........................................................................................9

Or. Rev. Stat. § 646.605(9)................................................................................20

Or. Rev. Stat. § 646.607(1)................................................................................20

Or. Rev. Stat. § 646.608.....................................................................................20

Or. Rev. Stat. § 646.608(1)(b)...........................................................................20

Or. Rev. Stat. § 646.638(1)................................................................................20

Or. Rev. Stat. § 646.638(6)................................................................................21

Oregon's Unlawful Trade Practices Act ............................................................20

**Other Authorities**

Fed. R. Civ. P. 8(c) ...............................................................................................2

Fed. R. Civ. P. 9 ...................................................................................................8

Fed. R. Civ. P. 9(b) ..............................................................................................7

Fed. R. Civ. P. 12(b)(6)...........................................................................2, 13, 14, 22

Fed. R. Civ. P. 12(e) .............................................................................................6

Fed. R. Civ. P. 12(f).................................................................................... *passim*

PLAINTIFFS' OMNIBUS MOTION TO STRIKE
              DEFENDANT'S AFFIRMATIVE DEFENSES AND TO
              DISMISS DEFENDANT'S COUNTERCLAIMS

Fed. R. Civ. P. 16 ................................................................................................1

L.R. 7-1 ................................................................................................................1

Restatement of Torts ............................................................................................19

## L.R. 7-1 CERTIFICATION

Pursuant to L.R. 7-1, counsel for Plaintiffs Trevari Media LLC and Underwater Investigations LLC (together "Plaintiffs" or "Trevari") hereby certify that the undersigned counsel provided counsel for Defendant with a draft of this motion prior to the Rule 16 Conference and informed counsel for Defendant that counsel for Plaintiffs was available to discuss the substance of the motion before filing. Counsel for Defendant declined to respond for 9 hours, and only then offered times to confer long after the deadline for filing Plaintiffs' responsive pleading. Counsel for Defendant also elected not to raise the issue with the Court during today's Rule 16 Conference. As a result, the parties were unable to resolve their differences regarding the subjects of the instant Motions.

## MOTIONS

Plaintiffs Trevari Media, LLC and Underwater Investigations, LLC respectfully move that the Court strike all of Defendant's Affirmative Defenses and dismiss Defendant's Counterclaims.

## INTRODUCTION AND SUMMARY

Defendant's First Amended Answer to Plaintiff's First Amended Complaint fails in several respects. First, Defendant has presented forty-two separate affirmative defenses. However, a full twenty-three of the listed affirmative defenses are not actually affirmative defenses recognized under applicable law. The other nineteen listed affirmative defenses are improperly pleaded in that they fail to provide notice with enough specificity for Plaintiffs or the Court to understand the nature of the allegations. Thus, Plaintiff moves to strike these insufficient defenses under Federal Rule of Civil Procedure 12(f).

In addition, Defendant has asserted six counterclaims. However, these counterclaims either assert nonviable claims that are not recognized under Oregon law, or lack the necessary

Page 1      PLAINTIFFS' OMNIBUS MOTION TO STRIKE
            DEFENDANT'S AFFIRMATIVE DEFENSES AND TO
            DISMISS DEFENDANT'S COUNTERCLAIMS

factual allegations to state a cause of action.  As a result, Plaintiffs move to dismiss Defendant's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(F)

Federal Rule of Civil Procedure 8(c) requires a party to "affirmatively state any avoidance or affirmative defense."  An affirmative defense is a defense which would absolve or limit the liability of the defendant even if the plaintiff were to prove the elements of its claim.  These are issues for which the defendant bears a burden of proof.  *Tovar v. U.S. Postal Service*, 3 F.3d 1271, 1284 (9th Cir. 1993).  A statement asserting merely that a plaintiff cannot meet the burden of proving the elements of its claim is not an affirmative defense.  *Zivkovic v. Southern California Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002).

Pursuant to Fed. R. Civ. P. 12(f), a party may move to strike from a pleading an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter.  In addition to situations where a pleading cites as "affirmative defenses" legal theories that are not viable as affirmative defenses under applicable law, a pleading is also insufficient if it fails to provide the plaintiff "fair notice of the defense."  *Simmons v. Navajo County.*  609 F.3d 1011, 1023 (9th Cir. 2010).

All of Defendant's affirmative defenses fail to meet this test of sufficiency.  Twenty-three of Defendant's forty-two asserted "defenses" are not legally-recognized affirmative defenses under applicable laws.  Instead, they simply assert that the Plaintiffs have failed to state or cannot prove a claim.  The other nineteen affirmative defenses either provide inadequate factual assertions to put Plaintiffs on fair notice of the nature of the defense, or contradict Defendant's other factual pleadings.  Accordingly, the Court should strike all of Defendant's affirmative defenses.

**I.    The Court Should Strike Pleaded "Affirmative Defenses" That Merely Allege Plaintiffs Cannot Meet Their Burden of Proof.**

Several of Defendant's "Affirmative Defenses" are mere recitations that Plaintiffs cannot meet their burden of establishing certain elements of their claims or pleaded forms of relief.  Those are, by definition, not affirmative defenses; *Zivkovic*, 302 F.3d at 1088; and are therefore impertinent to the pleadings.  Those pleaded "affirmative defenses" include the following:

Fifth Defense (No Attorney Fees – 17 U.S.C. § 412)

Sixth Defense (No Statutory Damages – 17 USC § 412)

Seventh Defense (No Attorney Fees)

Eighth Defense (No Damages)

Twelfth Defense (No Special Damages)

Fourteenth Defense (No Willful Conduct)

Seventeenth Defense (Performance)

Twenty-Second Defense (Lack of Causation)

Twenty-Seventh Defense  (Lack of Ownership)

Twenty-Ninth Defense (Outside the Scope of Contract)

Thirty-First Defense (Breach of Contract)

Thirty-Seventh Defense (Lack of Trade Secrets)

The Court should strike these "Affirmative Defenses" as impertinent, pursuant to Rule 12(f).

**II.    The Court Should Strike Pleaded "Affirmative Defenses" That Are Not Recognized Under Applicable Law.**

Many of the pleaded "Affirmative Defenses" are not recognized under applicable law, and are therefore also impertinent.  Those include the following.

PLAINTIFFS' OMNIBUS MOTION TO STRIKE
        DEFENDANT'S AFFIRMATIVE DEFENSES AND TO
        DISMISS DEFENDANT'S COUNTERCLAIMS

## A.    Thirteenth Defense (Consistent with Law and Applicable Regulations)

This statement, as with the pleaded "Affirmative Defenses" listed above, assumes that Plaintiffs cannot meet their burden of proof—it is not a legally recognized affirmative defense. The Western District of Washington, in striking this affirmative defense, made this point. "Defendant's assertion that they complied with the law is not an affirmative defense. Instead, it challenges the factual sufficiency of Plaintiff's claims by alleging the Plaintiff cannot prove a violation of the law." *Smith v. Bank of N.Y. Mellon*. 2019 U.S. Dist. LEXIS 126913 (W.D. Wash. July 30, 2019) (citing *Zivcovic*, 302 F.3d at 1088).

## B.    Eighteenth Defense (Unjust Enrichment)

Oregon trial courts have found no authority for the use of unjust enrichment as an equitable defense in Oregon. *Willamette Waterfront v. Little Amsterdam W. LLC.* 2016 Ore. Cir. LEXIS 6105, at *22 (4th J. Cir. 2016) (citing *Cron v. Zimmer*, 255 Or. App. 114, 130 (2013)).

## C.    Twenty-First Defense (Failure to Exercise Due Care)

Plaintiffs are not aware of any case identifying "Failure to Exercise Due Care" as an affirmative defense to the pleaded causes of action in this case. Rather, the assertions underlying this defense rely on two factual claims that concern Plaintiffs' ability to meet their *prima facie* burden. In essence, Defendant alleges a failure to maintain a trade secret and a breach of contract by not providing stamped envelopes to Defendant. A third factual allegation goes to Defendant's allegation of fraud in the inducement. None of these factual allegations are consistent with Plaintiffs proving their burden but the claim failing because of failure to exercise due care.

Notably, this defense is pled in the alternative and does not admit any of the allegations of the Complaint. An affirmative defense, by its nature, assumes the truth of the factual allegations but identifies another reason why the Defendant should not be liable. An affirmative defense is

one that "does not directly controvert a fact necessary to be established by plaintiff." *Lasley v. Combined Transp. Inc.*, 261 P.3d 1215, 1225 (Or. 2011).

    **D.**    **Twenty-Third Defense (Third Party Fault)**

As this Court has recognized, an argument that a third party is actually at fault is not an affirmative defense; it is an argument that the plaintiff cannot meet its burden of proof with respect to the named defendant. *Doe v. Archdiocese of Portland.* 2014 U.S. Dist. LEXIS 58613, at *3 (D. Or. March 14, 2014).

    **E.**    **Twenty-Fourth Defense (Superseding Cause)**

Like "third party fault," the suggestion of a superseding cause is not an affirmative defense. Instead, it essentially asserts that any damages to Plaintiffs occurred from another cause rather than Defendant's breach—i.e., it suggests a lack of causation, a key element of Plaintiffs' claim, for which they bear the burden.

    **F.**    **Twenty-Fifth Defense (Lack of Notice)**

This defense is simply a denial of a fact asserted in the Complaint that Plaintiffs provided notice to Defendant through YouTube. (ECF 1, ¶ 40.) Accordingly, like the "affirmative defenses" in the preceding section, this defense is a statement that Plaintiffs cannot prove the pleaded facts.

Even if this was an affirmative defense, Defendant fails to assert what notice should have been provided and asserts simply that notice was required by "law and ethics" without actually citing any such requirement. Thus, in addition to failing as a defense, it is inadequately pleaded as it fails to give fair notice of the defense.

    **G.**    **Twenty-Eighth Defense. (Uncertainty).**

This purported affirmative defense essentially pleads that Plaintiffs' complaint is vague. To the extent that were true, it would be a procedural defect, not an affirmative defense to the

PLAINTIFFS' OMNIBUS MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES AND TO
DISMISS DEFENDANT'S COUNTERCLAIMS

claims.  There are remedies for such procedural concerns provided under the Federal Rules.  *See, e.g.*, Fed. R. Civ. P. 12(e).  However, uncertainty is not a defense to a claim.

### H.    Thirty-Ninth Defense (Superseding Agreement)

Defendant alleges that the Employment Agreement superseded the Non-Disclosure Agreement, and thus the Defendant could not have breached the prior agreement.  But again, this goes to Plaintiffs' ability to meet its own burden to establish breach of the agreement.  It is not an affirmative defense.

### I.    Forty-First Defense (Alter Ego)

This purported affirmative defense states that because the two plaintiffs are extensions of one another, that each Plaintiff should be held jointly and severally liable for any judgment in Defendant's favor.  Joint and several liability goes to factual allegations required for a *counter-claim*, not an affirmative defense.

### J.    Forty-Second Defense (Unexecuted Editor's Agreement)

This is essentially an allegation that this agreement was never effectively binding between the parties because Defendant never signed it.  Proving such an agreement existed is a part of Plaintiffs' burden to prove on its *prima facie* case.  *Moyer v. Columbia State Bank*, 505 P.3d 26, 33-34 (Or. Ct. App. 2021).  It is not an affirmative defense.

### K.    Forty-Third Defense (Lack of Particularity)

This is a restatement of the Twenty-Eighth Defense ("Uncertainty"), and it is insufficient for the same reasons as discussed with claim G above.

Because each of these defenses is not viable as an affirmative defense, these pleaded statements are impertinent and should be stricken pursuant to Fed. R. Civ. P. 12(f).

### III. Affirmative Defenses That the Court Should Strike Because They Are Insufficiently Pleaded.

#### A. Third Defense (Estoppel)

In Oregon, estoppel is an affirmative defense that requires a showing of a false representation of which (1) the other party was ignorant, (2) made with knowledge of the facts, (3) made with the intention that it would induce action by the other party, and (4) that induced the other party to act upon it. *Keppinger v. Hanson Crushing, Inc.*, 983 P.2d 1084 (Or. Ct. App. 1999). In his Answer, Defendant makes no allegation of any false statement, let alone one that meets the elements of estoppel. Accordingly, this affirmative defense is insufficiently pleaded.

#### B. Fourth Defense (Waiver)

In Oregon, for a party to waive a right under the contract it must do so "by clear and unequivocal action by the party." *Bennett v. Farmers Ins. Co.*, 945 P.2d 595, 601 (Or. App. 1997) *(citing Moore v. Mutual of Enumclaw Ins. Co.*, 317 Or. 235, 240-241, 855 P.2d 626 (1993)). Defendant does not allege any clear and unequivocal action by Plaintiffs. Instead, he merely alleges Plaintiffs "expressly allowed" Defendant's actions and "waived other conditions of the alleged agreements." Defendant fails to plead which conditions were allegedly waived, or any action or statement expressly waiving them. Defendant also fails to allege that Plaintiffs even knew about Defendant's actions at the time. Accordingly, this affirmative defense fails to provide fair notice to Plaintiffs, and is therefore insufficiently pleaded. *See Simmons v. Navajo County,* 609 F.3d 1011, 1023 (9th Cir. 2010).

#### C. Ninth Defense (Unclean Hands)

An unclean hands defense, even if not based on fraud and subject to a Federal Rule of Civil Procedure 9(b) heightened pleading standard, "requires plausible allegations of inequitable conduct relating to the subject matter of this action." *Voltage Pictures, LLC v. Blake.* 2015 U.S.

Dist. LEXIS 169717, at *18 (D. Or. Dec. 17, 2015) (*citing Republic Molding Corp. v. B.W. Photo Util.*. 319 F.2d 347, 349 (9th Cir. 1963)).

Defendant has alleged no factual basis for his unclean hands affirmative defense, let alone the heightened standards of Rule 9. The entirety of the defense is "Plaintiffs' claims are barred in whole or in part under the doctrine of unclean hands." This defense is clearly insufficiently pleaded and should be stricken.

### D.   Tenth Defense (Laches)

The United States Supreme Court has held that laches is not an available defense to copyright claims brought within the 3-year statute of limitations set forth in the Copyright Act. *Petrella v. MGM*, 572 U.S. 663 (2014).

As for contract claims in Oregon, laches requires a showing of "unreasonable and unexplained delay in asserting rights which has resulted in disadvantage or prejudice." It "does not result from delay alone." *Hanns v. Hanns*, 423 P.2d 499, 511 (Or. 1967).

Defendant has failed to allege any unreasonable or unexplained delay. He alleges no facts that might support such a claim. He alleges no prejudice. His defense pleads only the claims "should be denied based upon their delay." This is insufficient and fails to put Plaintiffs on fair notice of the nature of the defense.

### E.   Eleventh Defense (Failure to Perform Conditions Precedent)

Defendant's Eleventh Affirmative Defense is titled "Failure to Perform Conditions Precedent." It relies on an allegation that Plaintiffs failed to provide pre-paid postage for return of hard drives. However, Defendant fails to allege that this was, indeed, a condition precedent under the contract. It was not. With no condition precedent alleged, the claim is insufficient.

### F.  Fifteenth Defense (Failure to Mitigate or Avoid Damages)

Failure to mitigate damages is an affirmative defense.  Specifically, a non-breaching party to a contract has a duty to mitigate damages, but only after the breach has occurred.  *Cardinell Crest Homeowners Ass'n v. Lord*, 982 P.2d 35, 40 (Or. Ct. App. 1999).

Defendant has offered three factual bases for asserting failure to mitigate damages.  However, all of them are asserted elsewhere as reasons why Defendant is not liable in the first place.  For example, Defendant alleges that Plaintiffs failed to keep their trade secrets a secret.  But that is part of Plaintiffs' factual burden on their *prima facie* claim; it cannot then also be the basis of an affirmative defense.  The alleged failure to provide pre-paid postage has been pleaded as a failure of a condition precedent to performance of a contract, which again concerns Plaintiffs' *prima facie* factual burden.  Defendant's allegations that Plaintiffs concealed information about criminal charges against Jared Leisek are cited in Defendant's allegation of fraud in the inducement.  Critically, however, all of these alleged acts occurred prior to the alleged breach.  Accordingly, none of them is relevant to a mitigation defense.

Accordingly, this defense is insufficiently pleaded.

### G.  Sixteenth Defense (Authority) and Nineteenth Defense (Consent)

These defenses allege, in similarly general and vague terms, the same defense outlined in Defenses Three (Estoppel) and Four (Waiver).  They should be stricken for the same reasons.

### H.  Twentieth Defense (Comparative Fault)

Comparative fault in Oregon is governed by O.R.S. § 31.600, which defines the term as "contributory negligence" in cases where a person is attempting "to recover damages for death or injury to person or property."  No negligence has been alleged here, nor has any injury to person or property or death.  There is no basis in Oregon law to apply the tort defense of comparative fault

to a breach of contract claim.

### I.    Twenty-Sixth Defense (Equitable Estoppel)

Equitable estoppel requires a showing of (1) a false representation, (2) made with knowledge of the facts, (3) the other party must have been ignorant of the truth, (4) it must have been made with the intention the other party should act on it, and (5) the other party was induced to act on it. *Welch v. Washington County*, 842 P.2d 793, 798 (Or. 1992).

Defendant has failed to make any allegations supporting an affirmative defense of equitable estoppel. No fair notice has been given as to the nature of the defense; thus, this defense is insufficiently pleaded.

### J.    Thirtieth Defense (Failure in Equity)

Defendant's thirtieth defense is beguiling. Plaintiffs can find no authority for such a defense in Oregon. Defendant's explanatory support states only, "Plaintiff's claims are barred due to failure to do equity." This defense is clearly insufficiently pleaded.

### K.    Thirty-Second Defense (Frustration of Performance)

As with other defenses, Plaintiffs' "frustration of performance" affirmative defense fails to provide fair notice of what Plaintiffs are accused of doing or how such unstated actions might have frustrated Defendant's performance under his contract. This defense fails to put Plaintiffs on fair notice of the defense, and is insufficiently pleaded.

### L.    Thirty-Third Defense (Duplicative Claim)

This "Affirmative Defense" is insufficient for the reasons stated with respect to the Forty-First Defense (Alter Ego). This defense is insufficiently pleaded for the reasons stated with respect to that defense.

### M.    Thirty-Fourth Defense (Fair Use)

Defendant asserts that any use of Plaintiffs' copyrighted materials was allowed under fair

use, 17 U.S.C. § 107.   But as with other affirmative defenses, with respect to a fair use defense, "Defendants … must [] plead some facts to put Plaintiff on fair notice of the defense."  *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 2014 U.S. Dist. LEXIS 13342,  at *11 (C.D. Cal. Jan. 31, 2014).  Defendant asserts no facts that would support this claim.  Thus, this defense is insufficiently pleaded.

**N.      Thirty-Fifth Defense (Copyright Misuse)**

Copyright misuse is a limited and rarely invoked defense.  It applies only where a copyright holder uses its legally granted monopoly on the copyrighted material to try to assert monopoly over another area.  In the Ninth Circuit, this has only been upheld when a copyright licensor conditioned that license on requiring the licensee to refrain from using any competing product.  *Apple Inc. v. Psystar Corp.*  658 F.3d 1150 (9th Cir. 2011).

Defendant has made no factual allegation resembling a valid copyright misuse defense.  Instead, Defendant asserted a grab bag of irrelevant factual assertions, such as that Defendant actually co-owns the copyright, that Plaintiffs tried to get out of the contract, complaints to YouTube, and "draconian" demand letters.  None of these facts could sustain the limited defense of copyright misuse.  This defense is insufficiently pleaded.

**O.      Thirty-Sixth Defense (Actual License)**

This defense alleges that Plaintiffs granted a license for Defendant to use the copyrighted material.  This reasserts the same factual basis as the Third, Fourth, Sixteenth, and Nineteenth Defenses (Estoppel, Waiver, Authority, and Consent).  Like those, this affirmative defense lacks necessary factual specificity about how, when, or in what form any alleged license was granted, and therefore does not provide fair notice to Plaintiffs about the nature of the defense.

### P.    Thirty-Eighth Defense (Concealment)

As with other defenses, to assert fraudulent concealment, the party so pleading must provide a basis for a duty to disclose. *Ford v. Hyundai Motor Am.* 2024 U.S. Dist. LEXIS 40876, at *28 (C.D. Cal. January 3, 2024) (applying Oregon law). The thrust of Defendant's fraudulent concealment defense is that Plaintiffs were allegedly aware of imminent criminal charges being filed against one of Plaintiffs' principals, Jared Leisek, and that Plaintiffs did not inform Defendant of those charges. Defendant alleges that he would not have entered into any contract with Plaintiffs had he known about this issue.

However, Defendant has omitted any factual support for a critical element of fraudulent concealment. Specifically, to prevail on this defense, a defendant must show that plaintiff had a duty to disclose the information. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1163 (9th Cir. 2012). Defendant has made no allegation of any duty to disclose the identified information, which does not relate in any way to the contract or the parties' performance under the contract.

Without any factual basis for a duty to disclose this information, this affirmative defense is insufficiently pleaded.

### Q.    Fortieth Defense (Implied License)

This "Affirmative Defense" essentially repeats the claims from the Third, Fourth, Sixteenth, Nineteenth, and Thirty-Sixth Defenses. As with those, there are no factual allegations supporting any implied license to Defendant. Thus this defense does not provide enough factual sufficiency to provide fair notice so Plaintiffs can adequately address it.

### R.    Forty-Fourth Defense (Fraud in the Inducement)

Defendant alleges that Plaintiffs fraudulently induced him by promising the ability to post videos to his personal account despite "planning on revoking that right after Defendant's

departure." Defendant fails to plead which contract he is referring to, which, in and of itself, merits striking this defense as insufficiently pleaded. However, given that all contracts alleged by Plaintiffs are alleged to have provided compensation to Defendant during the term of his employment, it is insufficient as a matter of law to allege that he was fraudulently induced into signing the contract because Plaintiffs stopped compensating Defendant after the agreement was over. Defendant does not allege Plaintiffs' fraudulent inducements came into effect during the term of the contract. It is not fraudulent inducement to say that a party to a contract intends to stop performing under the contract after it lapses.

Defendant has failed to sufficiently plead a fraud-in-the-inducement defense to breach of contract.

## IV.     The Court Should Strike All of Defendant's Affirmative Defenses

For the foregoing reasons, the Court should strike all of Defendant's affirmative defenses pursuant to Fed. R. Civ. P. 12(f).

### MOTION TO DISMISS DEFENDANT'S COUNTER-CLAIMS FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

The Court should grant a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) when the claimant (in this case the Defendant on Counter-Claim) does not plead facts that, if accepted as true, would "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The purpose of such a motion is to "test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir. 1983).

In a 12(b)(6) motion, the Court analyzes the complaint and takes all allegations of material fact as true and construes them in the light most favorable to the non-moving party. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of

cognizable legal theory or on the absence of pleaded facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. A complaint also does not meet the 12(b)(6) standard if it tenders "naked assertions" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678. The claim must be "plausible on its face," (*Twombly*, 550 U.S. at 570) which means that the claim must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiffs, as Counter-Defendants, move to dismiss Defendant's counterclaims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**I.  Defendant's First Counterclaim Should be Dismissed Because the Terms of the Oral Contract as Pled do Not Match the Alleged Breach.  In Addition, Defendant's Answers Admit that the Alleged Contract No Longer Existed.**

In Paragraph 129 of his answer, Defendant alleged that he entered into an oral contract with Plaintiffs that Defendant "was expressly allowed to use said footage to produce videos related to Trevari's projects as additional compensation." Nowhere in the terms of the oral contract, as Defendant describes it, would Defendant have been allowed to post the produced videos on his website. In Paragraphs 130 and 131 Defendant claims Plaintiffs "approved of said videos," but says nothing about posting them to his YouTube channel. Yet in paragraph 131, when describing the alleged breach, Defendant alleges Plaintiffs demanded Defendant remove the videos from his

channel and filed complaints with YouTube for the removal of videos from his channel.  Since Defendant does not even allege that the purported oral contract allowed Defendant to put videos on his YouTube channel, the alleged breach does not actually cover a term of the contract, so it cannot possibly be the basis for a breach of contract claim.

Even if it could, this counterclaim conflicts with Defendant's own factual statements in the Answer.  In his "Thirty-Ninth Affirmative Defense," in Paragraph 115 of his Answer, Defendant states that the Employment Agreement "supersedes any prior written or oral agreements between the parties."  This includes the oral agreement that Defendant claimed Plaintiffs breached after the signing of the Employment Agreement.  Thus, by his own admission, the oral contract he relies on for this claim, whatever its terms, was no longer in effect.  Thus, Plaintiffs could not have possibly breached the expired contract.

For these reasons, the Court should dismiss Defendant's first counterclaim for failure to state a claim.

## II.    Defendant's Second Counterclaim Should be Dismissed Because it Alleges that Plaintiffs Had a Duty to Operate in Good Faith to Carry Out an Agreement that no Longer Existed.

Defendant's second counterclaim should be dismissed on the same grounds as the first counterclaim.  Defendant alleges in Paragraph 136 that Plaintiffs had "a duty of good faith and fair dealing" to not "frustrate or defeat the object of their oral agreement."  In Paragraph 138, Defendant alleged that Plaintiffs' actions violated this duty and "frustrated the purpose of the parties' oral agreement."

However, in describing the purported actions that created this breach of good faith duty in Paragraph 137, Defendant specifically alleged that Plaintiffs' embarked on this course of action because "Plaintiffs were angry with Defendant after Defendant's departure."  Defendant's

Page 15    PLAINTIFFS' OMNIBUS MOTION TO STRIKE
        DEFENDANT'S AFFIRMATIVE DEFENSES AND TO
        DISMISS DEFENDANT'S COUNTERCLAIMS

departure, by its very nature, terminated any employment agreement between the two.  More to the point, it happened after the parties agreed to a written agreement that, by Defendant's own admission, superseded any oral agreement.  (See Paragraph 115).  Thus, by the terms of Defendant's own pleading, this oral agreement was no longer in effect, so Plaintiffs could not possibly have been under a duty of good faith to "further an agreement" that no longer existed.

So, even if Defendant could prove his salacious allegations, it still could not possibly amount to a valid claim for breach of good faith.  As a result, the Court should dismiss this counterclaim for failure to state a claim.

## III.    Defendant's Fifth Counterclaim Should Be Dismissed Because it is a State Claim Preempted by Federal Law.

This counterclaim alleges that Plaintiffs interfered with the business relations between Defendant and YouTube by filing copyright claims with YouTube, causing YouTube to take Defendant's videos down and injure his channel.

Plaintiffs concede that facially, this counterclaim lays out an adequate pleading under Oregon law for intentional interference with economic relations.  It adequately alleges that (1) there was the existence of a business relationship (between Defendant and YouTube), (2) there was intentional interference with that relationship (through filing complaints with YouTube), (3) by a third party (Plaintiffs), (4) for an improper purpose (revenge for Defendant leaving), (5) a causal effect between the interference and damage to the economic relationship (through fewer videos, less revenue, and damaged reputation), and (6) damages (more than $10,000).  *McGanty v. Staudenraus*, 901 P.2d 841, 844 (Or. 1995).

However, this claim in regards to filing copyright complaints with YouTube is not a novel issue.  The Central District of California dealt with this very issue last year in *Cinq Music Grp., LLC v. Create Music Grp., Inc.*, 2023 U.S. Dist. LEXIS 17204  (C.D. Ca. Jan. 31, 2023).  In that

case, the plaintiff sued the defendant for intentional interference with economic relations because defendant had filed copyright strike claims with YouTube, causing the plaintiff's videos to be taken down.  Defendant alleged that the claim was preempted, because YouTube and similar providers have such a copyright strike system in place to shield themselves from liability under federal copyright law, specifically 17 U.S.C. § 512(c).  That code section goes on, in 17 U.S.C. § 512(f), to state a cause of action against entities that materially misrepresent copyright claims in order to wrongly get another party's content taken down by the provider.  The defendant argued that this section preempted state law.  The California Central District agreed with this preemption argument, because Ninth Circuit courts have routinely found that Section 512 preempts state law, and that its pervasiveness, the creation of the very cause of action that plaintiff alleged on the state level, and the risk that a party could be liable under state tort law for complying with federal law. *Id.*, at *6.  Citing *Stardock Sys. Inc.* v. *Reiche*, 2019 U.S. Dist. LEXIS 229910, at *4 (N.D. Cal. May 14, 2019); *Complex Media, Inc.* v. *X17, Inc.*, 2019 U.S. Dist. LEXIS 128129, at *5  (C.D. Cal. Mar. 4, 2019);  *Amaretto Ranch Breedables, LLC* v. *Ozimals, Inc.*, 2011 U.S. Dist. LEXIS 73853, at *3-*5 (N.D. Cal. July 8, 2011);  *Online Pol'y Grp. V. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1206 (N.D. Cal 2004).

In short, substantial precedent within Ninth Circuit courts strongly suggests that even should Defendant/Counter-Plaintiff prove his alleged facts, he cannot state a claim for intentional interference with economic relations because that claim is clearly preempted by federal law.  Thus, the Court should grant Plaintiffs' motion to dismiss for failure to state a claim.

**IV.   Defendant's Sixth Counterclaim Should be Dismissed Because it is not a Recognizable Claim and Requests an Unavailable Remedy.**

This cause of action is for "copyright cancellation."  Defendant alleges that he is a joint author on Plaintiffs' copyrights, and that Plaintiffs failed to register him as such. As a result,

PLAINTIFFS' OMNIBUS MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES AND TO
DISMISS DEFENDANT'S COUNTERCLAIMS

Defendant requests that the copyright be cancelled in accordance with Section 1807.4(F) of the Compendium of U.S. Copyright Office Practices.

This remedy is not appropriate or available even if Defendant could prove all of the facts pled in the claim. Defendant seeks an order "requiring Plaintiff to cancel each of its copyright registrations." First off, the section of the Compendium cited by Defendant makes it clear that courts cannot cancel a copyright registration. *Brownstein v. Lindsay*, 742 F.3d 55, 75 (3rd Cir. 2014). This section does note that courts may occasionally order a party to a *copyright infringement* suit to cancel its registration using the voluntary procedures laid out in section 1807.3 of the compendium. However, this is not a copyright infringement claim. It is essentially a claim about incorrect authorship identified on the copyright registration. This is not the sort of claim that Section 1807.4(F) of the Compendium of Copyright Practices states may result in a court order to cancel the copyright registration.

Furthermore, Defendant is apparently unaware that Section 1807.3 of the Compendium of Copyright Practices lays out when the Copyright Office will cancel a claim. It will cancel a claim *only* if the Office has determined that the work was registered in the wrong class, a check for registration was returned with insufficient funds, when the Copyright Office determines the registration should not have been issued because it is not copyrightable material or fails to meet formal requirements, of if the application and fees do not meet the requirements of filing and the Office is unable to correct the defect. There is no provision here for a copyright to be cancelled because of failure to add a joint author.

Even assuming the Defendant's claim can be factually proven, he still requests a remedy that a court cannot legally grant. Thus, this counterclaim should be dismissed for failure to state a claim.

PLAINTIFFS' OMNIBUS MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES AND TO
DISMISS DEFENDANT'S COUNTERCLAIMS

**V.     Defendant's Seventh Counterclaim Should Be Dismissed Because It States a Claim Which is Not Recognized in Oregon Law.**

This counterclaim is based on a theory of misappropriation of Defendant's name and likeness for a commercial purpose.  In short, Defendant alleges that while employed by Plaintiffs, he was in videos promoting sales of Plaintiffs' window breakers.  After he left the employ of Plaintiffs, he alleges that Plaintiffs took old footage of him and placed it on advertisements for new window breakers, which he did not want to endorse.  Defendant cites no statute or case for this claim.

Unfortunately for Defendant, the Oregon Supreme Court has expressly declined to adopt common law misappropriation of name and likeness as described in the Restatement of Torts as a cause of action in the state.  *Ferdik v. ABC, Inc.,* 2008 U.S. Dist. LEXIS 114479, at *7 (D. Or. July 22, 2008).  Defendant may be asserting a claim for invasion of privacy under Oregon law, which can include a claim for misappropriating name and likeness for a commercial purpose.  However, to prove such a claim under Oregon law, Defendant must either show that the misappropriation caused him economic damages or was used for a purpose wrongful beyond the unconsented publication itself.  *Anderson v. Fisher Broadcasting Cos.*, 712 P.2d 803, 808-09  (Or. 1986).  Defendant pleads neither.  He alleges no damages, and the only damages he asks for are punitive damages (without providing any authority for the availability of such damages).  He alleges no harm to himself beyond the existence of the allegedly unconsented picture.  This is not a cognizable claim under Oregon law.

This counterclaim should be dismissed for failure to state a claim.

**VI.     Defendant's Eighth Counterclaim Should be Dismissed Because He Cannot Prove a Claim for Unconscionable Actions, Fails to Allege Any Damages, and the Claim is Barred by the Statute of Limitations.**

Defendant's Eighth Counterclaim takes the facts alleged in the Seventh Counterclaim and

uses them to allege multiple violations of Oregon's Unlawful Trade Practices Act.

Defendant alleges that Plaintiffs violated O.R.S. § 646.607(1) by engaging in "unconscionable" business practices.  Defendant alleges that Plaintiffs' actions are "patently unconscionable," without any further explanation about what makes them "patently unconscionable."  Unfortunately for Defendant, O.R.S. § 646.605(9) defines unconscionable.  It does so by listing several actions as unconscionable: knowingly taking advantage of a customer's infirmity or ignorance, knowingly allowing a customer to enter a transaction from which he will not benefit, knowingly allowing a customer to enter a transaction he cannot pay for, or knowingly taking advantage of a customer who is a disabled serviceman.  This statute does say unconscionable tactics include, but are not limited to, the above.  However, all of these actions involve a business taking advantage of vulnerable customers.  It is clear that the situations that define actions as "unconscionable" deal with customers, not the allegations Defendant alleges here.

Defendant further alleges that Plaintiffs' actions violated O.R.S. § 646.608(1)(b), which defines unlawful business practices as one which causes "likelihood of confusion or of misunderstanding as to the…sponsorship, (or) approval…of goods."  However, he fails to note that according to his own allegations, he does not have standing to make this complaint.  O.R.S. § 646.638(1) provides that a person who "suffers an ascertainable loss of money or property, real or personal, as a result of another person's willful use or employment of a method, act or practice declared unlawful under O.R.S. § 646.608 may bring an individual action."  As discussed earlier, Defendant makes no allegations that he suffered any loss of money or property.  Thus, even if he proves all of his factual allegations, he still will not be able to state a claim since he lacks the damages required to do so.

Page 20        PLAINTIFFS' OMNIBUS MOTION TO STRIKE
               DEFENDANT'S AFFIRMATIVE DEFENSES AND TO
               DISMISS DEFENDANT'S COUNTERCLAIMS

Even if none of the above were true, this counterclaim would be barred under the Statute of Limitations.  O.R.S. § 646.638(6) states that "[a]ctions brought under this section must be commenced within one year after the discovery of the unlawful, method, act or practice." Defendant claims he discovered these alleged misleading endorsements regarding Plaintiffs' newest window breaking tool "following his departure," which occurred November 8, 2022. However, if Defendant is in the videos, then it occurred while he was still employed, which would be before November 8, 2022. He obviously would know he was in them if he was part of the shoot. Moreover, the videos for Plaintiffs' latest window breaking tool first appeared in, or just before, January 2023.  Regardless from which of those dates the statute of limitations began to run, the one-year limitation expired before this Amended Counterclaim was first filed on April 2, 2024, and before the original Counterclaim (which did not include this Eighth Counterclaim) was filed on March 12, 2024.  As a result, this Eighth Counterclaim is barred by the statute of limitations.

Therefore, the Court should dismiss the Eighth Counterclaim since it fails to state an actionable claim and is barred by the statute of limitations.

//

//

//

//

//

//

//

//

//

Page 21      PLAINTIFFS' OMNIBUS MOTION TO STRIKE
            DEFENDANT'S AFFIRMATIVE DEFENSES AND TO
            DISMISS DEFENDANT'S COUNTERCLAIMS

## CONCLUSION

For the reasons stated above, Plaintiffs move to strike all of Defendant's affirmative defenses under Federal Rule of Civil Procedure 12(f) and dismiss all of Defendant's counterclaims for failure to state a claim in accordance with Federal Rule of Civil Procedure 12(b)(6).

DATED:  April 16, 2024

Respectfully submitted,

SCHWABE WILLIAMSON & WYATT

By:  *s/ Nika Aldrich*
    Michael A. Cohen, OSB #965776
    Email:  mcohen@schwabe.com
    Nika Aldrich, OSB #160306
    Email:  naldrich@schwabe.com

    David Ludwig, (*pro hac vice*)
    Email: dludwig@dbllawyers.com
    Thomas Dunlap, (*pro hac vice*)
    Email: tdunlap@dbllawyers.com
    Jason Witten, (*pro hac vice*)
    Email: jwitten@dbllawyers.com
    DUNLAP, BENNETT & LUDWIG,
    PLLC
    211 Church St. SE
    Leesburg, VA 20175
    Telephone: 703-777-7319
    Facsimile: 703-777-3656

    *Attorneys for Plaintiffs*

      PLAINTIFFS' OMNIBUS MOTION TO STRIKE
              DEFENDANT'S AFFIRMATIVE DEFENSES AND TO
              DISMISS DEFENDANT'S COUNTERCLAIMS