UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

TREVARI MEDIA LLC, an Oregon limited
liability company, and UNDERWATER
INVESTIGATIONS, an Oregon
limited liability company,

        Plaintiffs,

  vs.

JOSHUA CANTU, an individual, doing
business as JUKE MOTION PICTURES,

        Defendant.

Case No. 6:23-cv-1879-MK

**FINDINGS AND
RECOMMENDATION**

**KASUBHAI,** United States Magistrate Judge:

    Plaintiffs filed this action against Defendant Joshua Cantu, d/b/a/ Juke Motion Pictures, alleging breach of contract and copyright claims growing out of the parties' business relationship in 2020-22. Amended Compl., ECF No. 17. Defendant responded with 44 affirmative defenses and six counterclaims. Def.'s Amended Ans. and Counterclaims, ECF No. 22 ("Am. Ans."). Plaintiffs move to strike all 44 affirmative defenses and to dismiss all six of Defendant's counterclaims for failure to state a claim. Pl.'s Mot. 1–30, ECF No. 25 ("Pl.'s Mot."). For the

Page 1 — FINDINGS AND RECOMMENDATION

reasons that follow, Plaintiffs' motion to strike and to dismiss Defendant's counterclaims should be granted in part and denied in part.

## BACKGROUND[1]

Plaintiffs Trevari Media LLC ("Trevari") and Underwater Investigations LLC ("UI") bring this action against Joshua Cantu, doing business as Juke Motion Pictures, alleging he unlawfully used copyrighted images owned by Plaintiff Trevari, and breached several contracts between the parties. Plaintiffs are a volunteer search and rescue group that tries to "search for, and solve, missing persons cold cases." Am. Compl. ¶ 8. Plaintiffs generate revenue by posting YouTube videos and selling branded merchandise. *Id.* ¶ 9. In November, 2020, Plaintiff Trevari hired Defendant as an independent contractor to "make lift bags." *Id.* ¶ 20. By the beginning of 2021, Defendant's job duties included assisting with video production and camera work. *Id.* ¶ 21.

Plaintiffs allege they entered into several contracts with Defendant between 2021-22. At the outset they were oral agreements, and ultimately the parties entered written employment and non-disclosure agreements in July and September, 2022. *Id.* ¶¶ 21-26. Plaintiffs terminated Defendant's employment on November 8, 2022. *Id.* ¶ 29.

Plaintiffs then brought suit on December 13, 2023, alleging Defendant violated several of their written and oral agreements, and infringed copyrights held by Plaintiff Trevari. Am. Compl. Defendant filed an Amended Answer with 44 affirmative defenses and six counterclaims, which Plaintiffs now move to strike and dismiss. Am. Ans.

---

[1] For purposes of this motion the Court assumes the well-pled factual allegations in Plaintiffs' Amended Complaint and Defendant's Amended Answer are true.

Page 2 — FINDINGS AND RECOMMENDATION

**STANDARD OF REVIEW**

**I.      Motion to Dismiss for Failure to State a Claim – Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Federal Insurance Company*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers*, 869 F.3d at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**II.     Motion to Strike – Fed. R. Civ. P. 12(f)**

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to help "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). However, motions to strike are generally disfavored and infrequently granted. *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." (quotation marks and alterations omitted)).

Courts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike. *Whittlestone*, 618 F.3d at 973. "A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Contreras, ex rel. Contreras v. Cty. of Glenn*, 725 F. Supp. 2d 1157, 1159 (E.D. Cal. 2010) (quoting *Bassett v. Ruggles*, 2009 WL 2982895, at *24 (E.D. Cal. Sept. 14, 2009)).

**DISCUSSION**

Plaintiffs move to strike all 44 of Defendant's affirmative defenses. Pl.'s Mot. 4-7, ECF No. 25. Plaintiffs assert that eleven of Defendant's affirmative defenses are "not recognized under applicable law," twelve are really negative defenses improperly raised as affirmative defenses, and the remaining 20 are so insufficiently pled that they do not give Plaintiffs sufficient notice of the defense. Pl.'s Mot. at 2. In response, Defendant agreed to voluntarily withdraw his

Seventh, Eighth, Twelfth, Thirteenth, Fifteenth, Seventeenth, Twenty-Second, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Seventh, Forty-Second, and Forty-Third affirmative defenses. Resp. at 9. Plaintiffs also move to dismiss all six of Defendant's counterclaims for failure to state a claim. *Id.* The court addresses these issues in turn.

## I. Negative Defenses

Plaintiffs argue that several[2] of Defendant's affirmative defenses are mere recitations that Plaintiffs cannot meet their burden," and so should be stricken as "impertinent." Pl.'s Mot. at *11. But negative defenses may be raised in an answer, see Fed. R. Civ. P. 8(b), and mistakenly categorizing a negative defense as an affirmative defense generally is not a basis for striking it, *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 567 (S.D. Cal. 2012). Although this court has discretion to strike a negative defense, "at this stage in the litigation, striking negative defenses would do little more than tidy up the pleadings." *McBurney*, 2014 WL 2993087, at *3; *see also Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010)(noting that "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."). The motion to strike the negative defenses should be denied on this basis.

## II. Legally Cognizable Defenses

As noted, Plaintiffs assert that eleven[3] of Defendant's affirmative defenses "simply deny

---

[2] Plaintiffs move to strike Plaintiff's Fifth Defense (No Attorney Fees – 17 U.S.C. § 412), Sixth Defense (No Statutory Damages – 17 USC § 412), Seventh Defense (No Attorney Fees), Eighth Defense (No Damages), Twelfth Defense (No Special Damages), Fourteenth Defense (No Willful Conduct), Seventeenth Defense (Performance), Twenty-Second Defense (Lack of Causation), Twenty-Seventh Defense (Lack of Ownership), Twenty-Ninth Defense (Outside the Scope of Contract), Thirty-First Defense (Breach of Contract), Thirty-Seventh Defense (Lack of Trade Secrets). Mot. to Strike at 11. Defendant voluntarily withdrew his seventh, eighth, seventeenth, twenty-second, twenty-seventh, twenty-ninth, thirty-first, and thirty-seventh defenses, so this portion of the opinion only analyzes Plaintiffs' argument with respect to the fifth, sixth, twelfth, and fourteenth affirmative defenses. *See* Resp. at 9.

[3] Defendant voluntarily withdrew several of the affirmative defenses Plaintiffs challenge as not "legally cognizable." The Court therefore only considers the Defendant's first, sixth, twelfth, seventeenth, and eighteenth affirmative defenses which were not withdrawn here. *See* Resp. at 9.

Page 5 — FINDINGS AND RECOMMENDATION

the matters alleged in Plaintiffs' Amended Complaint or assert matters that would not otherwise bar Plaintiffs' recovery." *Id.* at 2-5. Motions to strike are disfavored. "However, a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to [a] plaintiff's claim[] as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party." *City of Portland v. Iheanacho*, Case No. 3:17- CV-00401-AC, 2018 WL 1426564, at *3 (D. Or. Mar. 22, 2018) (quotation marks omitted). The Court concludes that Plaintiffs will not be prejudiced by these affirmative defenses, nor have Plaintiffs explained how the defenses could have no possible bearing on the subject matter of the litigation. Accordingly, Plaintiffs' motion as to Defendant's first, sixth, twelfth, seventeenth, and eighteenth affirmative defenses should be denied.

### III.     Insufficiently Pled Defenses

Next, Plaintiffs contend that Defendant's remaining 20[4] affirmative defenses are insufficiently pled. Although the fair notice standard does not require a detailed statement of facts, "it does require the defendant [to] state the nature and grounds for the affirmative defense." *Fed. Trade Comm'n v. Adept Mgmt., Inc.*, No. 1:16-cv-00720-CL, 2017 WL 1055959, at *1 (D. Or. Mar. 20, 2017); *see also Mass Engineered Design, Inc v. Planar Sys., Inc.*, No. 3:16-cv-1510-SI, 2017 WL 7313944, at *2 (D. Or. Nov. 27, 2017) ("Fair notice generally requires that the defendant state the *nature and grounds* for the affirmative defense.") (emphasis in original) (citation omitted). Plaintiffs ask for more of Defendant's affirmative defenses, moving to strike them because they "fail to plead the…element[s]" of the particular defense. *See, e.g.,* Pls. Reply at 5. Although many of Defendant's affirmative defense paragraphs are conclusory, the Amended Answer as a whole states sufficient facts to put Plaintiffs on notice of the grounds for

---

[4] In their Reply, Plaintiffs concede Defendant adequately pled Affirmative Defense Eleven, Failure to Perform Conditions Precedent. Reply at 22.

most of those defenses. Because Plaintiffs' challenge to Defendant's affirmative defense on the basis they are "insufficiently pled" boils down to an argument they fail to state a claim (rather than fail to state grounds for the defense), the motion to strike most of these defenses should be denied. The Court considers these defenses in order.

Beginning with Defendant's Third and Twenty-Sixth Affirmative Defenses for Estoppel and Equitable Estoppel, Plaintiffs argue Defendant makes no allegation of any false statement, and that the affirmative defense is therefore insufficiently pleaded. Pl.'s Mot. at 15 (Citing *Keppinger v. Hanson Crushing, Inc.*, 983 P.2d 1084 (Or. Ct. App. 1999) (noting one of the elements of estoppel is proving ignorance)). Although Defendant does not make absolutely explicit the alleged misrepresentation in his paragraph 79, he refers to it sufficiently to put Plaintiffs on notice, and describes the alleged concealment (and his ignorance of it) elsewhere in the Answer. *See, e.g.,* Am. Ans. ¶ 114. The Motion to Strike should be denied as to the two estoppel defenses.

Plaintiffs challenge Defendant's Fourth Affirmative Defense of waiver. The Amended Answer alleges that Plaintiffs have waived their claims, because, inter alia, Plaintiffs expressly allowed Defendant to use the footage in the manner he did, and waived other particular conditions of the parties' alleged agreements. This puts Plaintiffs on notice of the allegation that they had confirmed Defendant's right to use footage to create and post his own videos, which waived their right to assert claims against his usage. Am. Ans. ¶¶ 79, 101, and 120. As to the "other particular conditions of the parties' alleged agreements, this fails to put Plaintiffs on notice of what potential claims, if any, are supposedly waived related to the contract. The Court therefore should not strike Defendant's waiver affirmative defense, but limit it to the basis stated

Page 7 — FINDINGS AND RECOMMENDATION

in the Amended Answer (*i.e.* that Plaintiffs' decision to allow defendant to "use the footage in the manner he did" waived their contract claims about right-of-use).

Plaintiffs also challenge Defendant's Ninth, Thirty-Fourth, and Thirty-Fifth Affirmative Defenses - Unclean Hands, Fair Use, and Copyright Misuse. The Court should deny Plaintiffs' motion to strike these defenses. The Ninth Circuit recognizes the doctrine of copyright misuse, specifically describing the doctrine as a "defense to copyright infringement," which is the functional equivalent of an unclean hands defense that "forbids the use of the [copyright] to secure an exclusive right or limited monopoly not granted by the [Copyright] Office and which is contrary to public policy to grant." *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1090 (9th Cir. 2005). Rule 12(f) allows a Court to strike "immaterial" or "impertinent" defenses that have "no essential or important relationship to the claim for relief or the defenses being pleaded" or that clearly lack merit "under any set of facts the defendant might allege." *Fantasy, Inc.*, 984 F.2d at 1527. As to fair use, Defendant pled that any use of allegedly copyrighted materials constituted fair use, and he pled several uses in the Answer. See, e.g., Am. Ans. ¶¶ 110, 131. Plaintiffs argue that Defendant's copyright misuse and fair use defenses may not apply to the facts of this case, and they may well be right. But Defendant's Amended Answer puts Plaintiffs on fair notice of these defenses, which are at least related to the claims being pled, even if they may ultimately be unsuccessful. Fed. R. Civ. P. 12(f). Plaintiffs' motion should be denied with respect to affirmative defenses nine, thirty-four, and thirty-five.

The Court should deny the motion to strike Defendant's tenth affirmative defense because Laches is appropriately pled in response to Plaintiffs' request for injunctive relief. The Supreme Court has held laches to be an appropriate defense to a copyright claim seeking injunctive relief unavailable for copyright claims at law and only available for claims in equity in

Page 8 — FINDINGS AND RECOMMENDATION

certain "extraordinary circumstances." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 685 (2014). Plaintiffs counter that Defendant "fails to plead facts sufficient to support that any delay was unreasonable" or prejudicial, but that is more than is required of an answering party at the pleadings stage. *See* Fed. R. Civ. P. 12(f). Plaintiffs may well prevail on this issue at a later stage in litigation, but the question of whether extraordinary circumstances exist is full of factual issues and cannot be decided on a motion to strike. Because the defense gives Plaintiffs fair notice and is neither immaterial nor impertinent, the Court should deny Plaintiffs' motion to strike Defendant's laches defense.

The Court should strike Defendant's twenty-fifth affirmative defense for "lack of notice." Lack of notice can be an affirmative defense in some circumstances, like to a patent infringement claim under 35 U.S.C. section 287, but it is not a defense to copyright infringement, or any other pleaded cause of action. *Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1334 (Fed. Cir. 2006) (noting lack of proper notice of the patents-in-suit" as an affirmative defense). Defendant has failed to point to any binding case law that supports the lack of notice defense in this case, or any allegations that suggest it is pertinent. Fed. R. Civ. P. 12(f). Nor does Defendant's argument that the lack of notice defense "also applies to Plaintiffs' requested preliminary injunction" cite any legal authority, or indicate why the defense "applies" to the Court's consideration of preliminary equitable relief. *See* Resp. at 10-11. The Court should strike Defendant's twenty-fifth affirmative defense.

The Court should deny Plaintiffs' motion to strike Defendant's Sixteenth Defense (Authority) and Nineteenth Defense (Consent) as insufficiently pled. As described above, Defendant need only put Plaintiffs on "fair notice" of defense by describing those defenses in "general terms." *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). Plaintiffs

Page 9 — FINDINGS AND RECOMMENDATION

move to strike on the basis that Defendant does not support his defenses with adequate facts, and point to several facts Defendant alleged that show why these affirmative defenses won't be successful. *See* Reply at 10 (citing Am. Compl.¶¶ 31, 92 101, and 137). Plaintiffs may be right. But at this stage, the Court does not consider the merits of Defendant's defenses, only whether they put Plaintiffs on fair notice. Because Defendant's affirmative defenses Sixteen and Nineteen do so, the Court should deny the motion to strike these defenses.

Plaintiffs further dispute whether Defendant properly raised comparative fault and concealment as affirmative defenses. As the legal authority the parties cite makes clear, these defenses are inappropriate in this case. For example, comparative fault in Oregon is governed by O.R.S. § 31.600, which applies only to negligence claims not at issue here. Likewise, Defendant raises the defense of "Concealment" but does not dispute that it is Plaintiffs' burden to demonstrate the exercise of due care as part of their case. Resp. at 13. Defendant does not point to controlling authority to the contrary, and the Court should grant the motion to strike the twentieth and thirty-eighth affirmative defenses on this basis.

Plaintiffs likewise challenge Defendant's frustration of performance defense as insufficiently pled because it cites facts "scattered about his [Amended Answer], but none of these facts have anything to do with frustration of performance." Reply at 12. As noted above, Defendant need only put Plaintiffs on notice of the basis of an affirmative defense. *Kohler*, 779 F.3d at 1019. Defendant adequately alleges facts that suggest Plaintiffs frustrated his performance under their alleged agreements. See Am. Ans. ¶ ¶ 42, 87, 111, 131, 132, 134, 137, 143, and 147. Plaintiffs challenge the sufficiency of these allegations, but cannot convincingly argue there is no notice for the basis of the defense. The motion to strike the Thirty-Second Defense (Frustration of Performance) should be denied.

Finally, the Court should grant Plaintiffs' motion to strike Defendant's Forty-Fourth defense alleging fraud in the inducement. In all averments of fraud, including affirmative defenses, the circumstances constituting the fraud must be stated with particularity. Fed. R. Civ. P. 9(b); *Multimedia Patent Trust v. Microsoft Corp.*, 525 F .Supp.2d 1200, 1210–1211 (S.D. Cal. 2007). Pleadings claiming inequitable conduct are governed by Rule 9(b), meaning they "must identify the specific who, what, when, where, and how of the material misrepresentation or omission …." *Exergen*, 575 F.3d at 1328. Accordingly, such a pleading must include "sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive …." *Id*. at 1328–29. Defendant's forty-fourth affirmative defense fails to meet this standard, so Plaintiffs' motion to strike the defense should be granted.

**IV.    Motion to Dismiss**

Plaintiffs also move to dismiss all six of Defendant's counterclaims for failure to state a claim. For the reasons that follow, the Court should grant Plaintiffs' motion to dismiss counterclaims five and eight, and deny the motion to dismiss counterclaims one, two, six and seven.

Beginning with the adequately-pled claims, the Court should deny the motion to dismiss Defendant's breach of contract, breach of duty of good faith and fair dealing and misappropriation of name and likeness counterclaims. At the pleading stage, Defendant need only allege sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc.*, 869 F.3d at 800. Plaintiffs argue the breach of contract claim fails because Defendant does not adequately plead breach of the alleged oral contract. Pl.'s Mot. at 22-23.

Page 11 — FINDINGS AND RECOMMENDATION

Plaintiffs further argue that the breach of contract and good faith and fair dealing claims fail because Defendant elsewhere admitted the oral agreement (the basis for counterclaims one and two) had been superseded by the parties' later written contract. Reply at 16, 23-24. But Defendant adequately alleges breach of an oral agreement that (he says) allowed him to use footage and post it to his YouTube account. Am. Ans. ¶¶ 31, 129. And, whether the subsequent written agreement superseded the oral agreement is a fact-ridden question that cannot be resolved at the pleading stage. Plaintiffs' motion to dismiss these two claims should be dismissed.

The Court should also deny Plaintiffs' motion to dismiss Defendant's counterclaim for misappropriation of name or likeness because Defendant adequately pleads damages to state a claim under Oregon law. To succeed on a misappropriation of name or likeness claim under Oregon law, Defendant must either show that the misappropriation caused him economic damages or was used for a purpose wrongful beyond the unconsented publication itself. *Anderson v. Fisher Broadcasting Cos.*, 712 P.2d 803, 808-09 (Or. 1986). Plaintiffs argue this claim must be dismissed because Defendant fails to "plead the element of damages." Reply at 20. But Plaintiffs conflate harm, which must be pled, with monetary damages, which is a remedy a plaintiff may choose to seek when bringing a misappropriation of name or likeness claim. *Id.* Here, Defendant adequately pleads harm resulting from the misappropriation claim: a loss of reputation and "followers." Am. Ans. ¶ 159. Defendant seeks only injunctive and other equitable relief as a result. *Id.* ¶¶ 162-63. Whether Defendant is entitled to such relief is a question for the remedies stage. At the pleading phase of the case, it suffices that Defendant has alleged a compensable injury, and sought relief from it. Failure to seek compensatory damages, as long as harm is adequately pled, does not doom a misappropriation of name or likeness claim under

Oregon law. The Court should deny Plaintiffs' motion to dismiss Defendant's counterclaim seven.

The Court should deny Plaintiffs' motion to dismiss Defendant's sixth counterclaim for "copyright cancellation" because the Court possesses the power to issue injunctive relief to a party whose copyright is invalid. Defendant's "copyright cancellation" claim alleges Plaintiff Trevari failed to identify him as a joint author as required by the Copyright Act and the Compendium of U.S. Copyright Office Practices, and seeks equitable relief requiring Plaintiff Trevari to "cancel each of its copyright registrations" identified in an attachment to the Amended Answer. *See* Am. Ans.¶¶ 149-51. A federal district court may rule a copyright invalid, pursuant to 17 U.S.C.A. § 411(b), and enter injunctive relief requiring a party holding that invalid copyright to seek cancellation from the Register of Copyrights. Section 1806.4(F) of the Copyright Office's Compendium of U.S. Copyright Office Practices entitled "Court Ordered Cancellation" outlines this very procedure. U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 101 (3d ed. 2014). Plaintiffs cite several non-binding cases that suggest a Court cannot cancel a copyright by its own order. *See, e.g., Brownstein v. Lindsay.* 742 F.3d 55, 58 (3d Cir. 2014). But these cases do not suggest a Court lacks power in equity to order a party to seek cancellation of its invalid copyright. To the contrary, the Compendium explicitly contemplates this form or relief, and the Copyright Act does not prohibit this form of relief. Plaintiffs have not presented any binding authority to the contrary, and the Court should deny the motion to dismiss the sixth counterclaim.

The Court should dismiss Defendant's fifth counterclaim for intentional interference with economic relations under Oregon law because it is preempted by federal law. Conflict preemption arises where "state law stands as an obstacle to the accomplishment and execution of

the full purposes and objectives of Congress." *Hillsborough Cnty., Fla. v. Automated Med. Lab'ys, Inc.*, 471 U.S. 707, 713 (1985) (quotations omitted). Defendant adequately alleges that (1) there was the existence of a business relationship (between Defendant and YouTube/his subscribers), (2) there was intentional interference with that relationship (through filing complaints with YouTube to take down Defendant's videos), (3) by a third party (Plaintiffs), (4) for an improper purpose (revenge for Defendant leaving), (5) a causal effect between the interference and damage to the economic relationship (through fewer videos, less revenue, and damaged reputation), and (6) damages (more than $10,000). Am. Ans.¶¶ 141-47; *McGanty v. Staudenraus*, 901 P.2d 841, 844 (Or. 1995). But the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 51, preempts state law claims arising out of submission of takedown notices because the DCMA provides its own scheme for service providers to allow copyright holders to object to alleged infringing content, and provides a cause of action to the alleged infringer for wrongful submission of takedown notices. 17 U.S.C. § 512(c), (f). Where adherence to the DMCA's provisions simultaneously subjects the copyright holder to state tort law liability, there is an irreconcilable conflict between state and federal law. *See Hillsborough Cnty*, 471 U.S. at 713. The Court should therefore grant Plaintiffs' motion to dismiss Defendant's fifth counterclaim for interference with economic relations under Oregon law.

    Finally, the Court should dismiss counterclaim eight because including a former employee in an advertising claim is not "unconscionable" as defined by Oregon law. To bring an unlawful trade practices claim under O.R.S. § 646.607(1) a plaintiff must allege "unconscionable" business practices. Oregon law defines "unconscionable" in this context by offering a nonexhaustive list of unconscionable tactics: knowingly taking advantage of a customer's infirmity or ignorance, knowingly allowing a customer to enter a transaction from

Page 14 — FINDINGS AND RECOMMENDATION

which he will not benefit, knowingly allowing a customer to enter a transaction he cannot pay for, or knowingly taking advantage of a customer who is a disabled serviceman. *See* O.R.S. § 646.605(9). The definitions Oregon law provides make clear that for an act to be "unconscionable," it must be directed from business to customers, rather than an act between two current or former business partners, or an employer and former employee. Defendant does not identify any case law that would suggest Oregon law applies to the kind of conduct he alleges is unconscionable, and the Court could not find any on its own initiative. The Court should therefore dismiss Defendant's counterclaim eight for failure to state a claim.

## RECOMMENDATION

For the reasons above, Plaintiffs' motion to strike and to dismiss Defendant's counterclaims (ECF No. 25) should be GRANTED in part and DENIED in part. Defendant voluntarily withdrew his Seventh, Eighth, Twelfth, Thirteenth, Fifteenth, Seventeenth, Twenty-Second, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Seventh, Forty-Second, and Forty-Third affirmative defenses, so those defenses should be stricken. Plaintiffs' Motion to strike should be granted as to Defendant's Twentieth, Twenty-Fifth, Thirty-Eighth, and Forty-Fourth , and denied as to Defendant's other affirmative defenses. Plaintiffs' motion to dismiss Defendant's counterclaims should be granted as to counterclaims five and eight, and denied as to counterclaims one, two, six and seven.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72.

Failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 20th day of June 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
