
**Michael A. Cohen**, OSB #965776
Email: mcohen@schwabe.com
**Nika Aldrich**, OSB #160306
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

(Additional Counsel Shown on Signature Page)

*Of Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TREVARI MEDIA LLC**, an Oregon limited liability company, and **UNDERWATER INVESTIGATIONS LLC**, an Oregon limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>**JOSHUA CANTU**, an individual, doing business as **JUKE MOTION PICTURES**,<br><br>Defendant. | No. 6:23-cv-01879-MK<br><br>**PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATION RE PLAINTIFFS' OMNIBUS MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND DISMISS DEFENDANT'S COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM** |

Plaintiffs Trevari Media, LLC and Underwater Investigations, LLC, hereby submit their objections to the June 20, 2024 Findings and Recommendation (ECF 30) ("F&R") granting in part and denying in part Plaintiffs' Omnibus Motion to Strike Defendant's Affirmative Defenses and Dismiss Defendant's Counterclaims for Failure to State a Claim (the "Motion").

Page 1      PLAINTIFFS' OBJECTIONS TO THE FINDINGS AND RECOMMENDATION RE PLAINTIFFS' OMNIBUS MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND TO DISMISS DEFENDANT'S COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM

Plaintiffs have three (3) objections based on errors that likely occurred due to the extraordinary number of Defendant's Affirmative Defenses. They are as follows:

1. Page 5, Sec I (Negative Defenses): The 12th Affirmative Defense was withdrawn by Defendant. The second sentence in Footnote 2 incorrectly includes the 12th Affirmative Defense as still plead. Section I relies on Footnote 2 to state what the ruling is. Therefore, Footnote 2 should be revised as follows:

    "Defendant voluntarily withdrew his seventh, eighth, twelfth, seventeenth, twenty-second, twenty-seventh, twenty-ninth, thirty-first, and thirty-seventh defenses, so this portion of the opinion only analyzes Plaintiffs' argument with respect to the fifth, sixth, ~~twelfth,~~ and fourteenth affirmative defenses."

2. Pages 5-6, Sec. II (Legally Cognizable Defenses): The 12th and 17th Affirmative Defenses were withdrawn by Defendant, but mistakenly included as still plead in Footnote 3, as well as the last sentence of Section II. Respectfully, these should be deleted from Footnote 3 as follows:

    "Defendant voluntarily withdrew several of the affirmative defenses Plaintiffs challenge as not 'legally cognizable.' The Court therefore only considers the Defendant's first, sixth, ~~twelfth, seventeenth,~~ and eighteenth affirmative defenses which were not withdrawn here."

    and the last sentence of Section II, as follows:

    "Accordingly, Plaintiffs' motion as to Defendant's first, sixth, ~~twelfth, seventeenth,~~ and eighteenth affirmative defenses should be denied."

3. There is no ruling on the 21st, 23rd, 24th, 33rd, 36th, 39th, 40th or 41st Affirmative Defenses. As noted in the F&R, the two categories of issues with the Affirmative

Defenses are that 1) the affirmative defense is not recognized under applicable law, or 2) it is insufficiently plead. For ease of reference, the Affirmative Defenses that have yet to be ruled upon are listed as follows, along with the issue that applies to them, and where they can be found in the Motion:

a. 21st Affirmative Defense (Fail Exercise Due Care): Not recognized under applicable law. Motion p. 5.

b. 23rd Affirmative Defense (Third Party Fault): Not recognized under applicable law. Motion p. 5.

c. 24th Affirmative Defense (Superseding Clause): Not recognized under applicable law. Motion p. 6.

d. 33rd Affirmative Defense (Duplicative Claim): Insufficiently Plead. Motion p. 11.

e. 36th Affirmative Defense (Actual License): Insufficiently Plead. Motion p. 12.

f. 39th Affirmative Defense (Superseding Agreement): Not recognized under applicable law. Motion p. 6.

g. 40th Affirmative Defense (Implied License): Insufficiently Plead. Motion p. 13.

h. 41st Affirmative Defense (Alter Ego): Not recognized under applicable law. Motion p. 7.

## CONCLUSION

Plaintiffs respectfully request that, upon accepting the findings and recommendations and issuing an Order, the Court modify footnotes 2 and 3 and the last sentence in Section II, as

identified above.  Plaintiffs also respectfully request that the Court grant the Motion with respect to the 21st, 23rd, 24th, 33rd, 36th, 39th, 40th and 41st Affirmative Defenses.

Dated July 3, 2024

Respectfully submitted,

SCHWABE WILLIAMSON & WYATT

By: *s/ Nika Aldrich*
Michael A. Cohen, OSB #965776
Email:  mcohen@schwabe.com
Nika Aldrich, OSB #160306
Email:  naldrich@schwabe.com
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone:  (503) 222-9981
Facsimile:  (503) 796-2900

David Ludwig, (*pro hac vice*)
Email: dludwig@dbllawyers.com
Thomas Dunlap, (*pro hac vice*)
Email: tdunlap@dbllawyers.com
Jason Witten, (*pro hac vice*)
Email: jwitten@dbllawyers.com
DUNLAP, BENNETT & LUDWIG, PLLC
211 Church St. SE
Leesburg, VA 20175
Telephone: 703-777-7319
Facsimile: 703-777-3656

*Attorneys for Plaintiffs*