William G. Wardlow, Esq. (OR Bar # 162043, Cal. Bar # 200933)
**WARDLOW LAW, LLC**
111 NW Hawthorne Avenue, Suite 7
Bend, Oregon  97703
Tel:     (541) 903-2311
William@WardlowLaw.com

Attorney for Defendant JOSHUA CANTU

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TREVARI MEDIA LLC, an Oregon limited liability company, and UNDERWATER INVESTIGATIONS LLC, an Oregon limited liability company,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>JOSHUA CANTU, an individual, doing business as JUKE MOTION PICTURES,<br><br>Defendant/Counter-Claimant. | Case No.: 6:23-cv-01879-MK<br><br>**DEFENDANT/COUNTER-CLAIMANT JOSHUA CANTU'S OBJECTIONS TO FINDINGS AND RECOMMENDATION RE PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND DISMISS DEFENDANT'S COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM**<br><br>Hon. Mustafa Kasubhai, presiding |

Defendant/Counter-Claimant JOSHUA CANTU ("CANTU") respectfully submits the following Objections to the June 20, 2024 Findings and Recommendations regarding Plaintiffs' Motion to Strike Affirmative Defenses and to Dismiss Counterclaims ("Findings").

1. **CANTU's Forty-Fourth Affirmative Defense Should be Allowed or Leave to Amend Should be Granted**

    The Findings recommend striking CANTU's Forty-Fourth Affirmative Defense asserting Fraud in the Inducement.  The bases for this recommendation are that CANTU failed to "identify the specific who, what, when, where, and how of the material misrepresentation or omission" and that the Court could not identify "sufficient allegations of underlying facts from which a

Page 1     Defendant/Counter-Claimant Joshua CANTU's Objections to Findings and Recommendation re Motions to Strike and Dismiss

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive". Findings *at* p. 11.

For his part, CANTU alleged that:

"Plaintiffs represented that Defendant had a right to create videos for his own channel as supplemental compensation for his services and that right would not be infringed. Plaintiffs knew that the representation was not true, as they planned to revoke said right after Defendant's departure. Plaintiffs made the representation to persuade Defendant to agree to the contract. Defendant reasonably relied on this representation, and would not have entered into the contract if he had known that the representation was not true. As such, the contracts which provided said right were never created." First Amended Answer ("FAA") at ¶ 120.

Because CANTU has identified the "time and content of alleged fraud", "falsity", the "source of the fraud", and "intent to deceive, which may be averred generally", he has adequately pled his Fraud in the Inducement Affirmative Defense. Wood v. Apodaca 375 F Supp 2d 942, 949 (N.D. Cal. 2005).

As in *Apodaca*,

"[a]lthough Plaintiff has not identified the place where the alleged fraud occurred, such identification is not necessary here, as '[a] pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations.' *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Moreover 'the rule may be relaxed as to matters within the opposing party's knowledge.' Id. **Since Plaintiff pleads that the fraud occurred at the time both parties entered into the [] Agreement, the place of the alleged fraud is within Defendants' knowledge.**" Id. (*emphasis added*)

In this case, because Plaintiff has met the *Apodaca* criteria, his Forty-Fourth Affirmative Defense should be allowed. To the extent this Court determines that CANTU's allegations on this Affirmative Defense remain lacking, he hereby reasserts his request Leave to Amend to add further factual support.[1]

///

///

///

---

[1] *See* Opp. to Motion at §§ III.C. and V. re CANTU's initial request for Leave to Amend.

Page 2    Defendant/Counter-Claimant Joshua CANTU's Objections to Findings and Recommendation re Motions to Strike and Dismiss

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

**2.      CANTU Should be Granted Leave to Amend His Fifth Counterclaim**

CANTU's Fifth Counterclaim is based on misrepresentations Plaintiffs made when they filed copyright strikes with YouTube and caused CANTU's YouTube Channel and Videos to be taken down.

The Findings recommend dismissal of CANTU's Fifth Counterclaim for Intentional Interference with Economic Relations based on preemption by the Digital Millennium Copyright Act ("DMCA") of CANTU's State tort claim.

Plaintiffs, suggesting CANTU had improperly framed this claim, note that "17 U.S.C. § 512(f) [provides] a cause of action against entities that materially misrepresent copyright claims in order to wrongly get another party's content taken down by the provider."  Motion *at* p. 17.

In connection therewith, CANTU's Opposition requested Leave to Amend his Fifth Counterclaim to restate his Fifth Counterclaim as one for Material Misrepresentation pursuant to DMCA 17 U.S.C. § 512(f).  Opp. *at* p. 12.

Section 512(f), *Misrepresentations*, allows a claim against a party that, *inter alia*, knowingly materially misrepresents that material or activity is infringing, and causes removal or disabling of the material.  Id.  Because CANTU has already asserted the essential elements of such a claim and Plaintiffs are on notice thereof, his request for Leave to Amend should be granted.

**3.      CANTU's Seventh Counterclaim For Misappropriation Of Name And Likeness Seeks to Recover Based on Unjust Enrichment and Punitive Damages**

CANTU agrees with the Findings and recommendation regarding denial of Plaintiffs' Motion to Dismiss his Seventh Counterclaim.

That said, the Findings are inaccurate insofar as they state that CANTU's *only* harm pled is a "loss of reputation and 'followers'".  Findings *at* p. 12.  In fact CANTU has pled that Plaintiffs have been unjustly enriched as a result of their misappropriation of his name and likeness in connection with their new window-breaker product and he "seeks disgorgement of

Page 3     Defendant/Counter-Claimant Joshua CANTU's Objections to Findings and Recommendation re Motions to Strike and Dismiss

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

Plaintiffs' profits in relation to the window breaker tools sold as a result of advertisements in which he appears as well as disgorgement of Plaintiffs' profits from the associated streaming income and any other related sources, including any TikTok and other social media channels." FAA *at* ¶ 163.  CANTU further seeks punitive damages based upon Plaintiffs' willfully malicious actions.  Id. *at* ¶ 164.

To the extent CANTU's damages allegations appear incomplete and do not reflect the above description, he respectfully requests Leave to Amend.

## V.     CONCLUSION

For the reasons set forth hereinabove, CANTU respectfully requests that this Court deny Plaintiffs' consolidated Motion in its entirety.  Should this Court sustain either Motion in whole or part, CANTU requests leave to amend.

DATED this 5th day of July, 2024.

WARDLOW LAW, LLC

By:   *s/ William G. Wardlow*
**William G. Wardlow**, OSB #162043
William@WardlowLaw.com
Phone: 541-903-2311
Attorney for Defendant/Counterclaimant,
JOSHUA CANTU

Page 4   Defendant/Counter-Claimant Joshua CANTU's Objections to Findings and Recommendation re Motions to Strike and Dismiss

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311