UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| TREVARI MEDIA LLC, an Oregon limited liability company; and UNDERWATER INVESTIGATIONS, LLC an Oregon limited liability company, | Case No. 6:23-cv-01879-MTK<br><br>**OPINION AND ORDER** |
| Plaintiffs, | |
| vs. | |
| JOSHUA CANTU, an individual, doing business as JUKE MOTION PICTURES, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Plaintiffs filed this action against Defendant Joshua Cantu, doing business as Juke Motion Pictures (hereafter "Defendant"), alleging breach of contract and copyright claims growing out of the parties' business relationship from 2020 through 2022. Am. Compl., ECF No. 17. Defendant responded with forty-two affirmative defenses and six counterclaims. Def.'s Am. Ans. and Countercls. ("Am. Ans."), ECF No. 22. Plaintiffs move to strike all forty-two affirmative defenses and to dismiss all six of Defendant's counterclaims for failure to state a claim. Pls.' Mot. 1-30, ECF No. 25. For the reasons that follow, Plaintiffs' Omnibus Motion to Strike Defendant's Affirmative Defenses and Dismiss Defendant's Counterclaims for Failure to State a Claim (ECF No. 25) is granted in part and denied in part.

## BACKGROUND[1]

Plaintiffs Trevari Media LLC ("Trevari") and Underwater Investigations LLC bring this action against Joshua Cantu, doing business as Juke Motion Pictures, alleging he unlawfully used copyrighted images owned by Plaintiff Trevari, and breached several contracts between the parties. Plaintiffs are volunteer search and rescue groups that try to "search for, and solve, missing persons cold cases." Am. Compl. ¶ 8. Plaintiffs generate revenue by posting YouTube videos and selling branded merchandise. *Id.* ¶ 9. In November 2020, Plaintiff Trevari hired Defendant as an independent contractor to "make lift bags." *Id.* ¶ 20. By the beginning of 2021, Defendant's job duties included assisting with video production and camera work. *Id.* ¶ 21.

Plaintiffs allege they entered into several contracts with Defendant between 2021 and 2022. At the outset they were oral agreements, and ultimately the parties entered written employment and non-disclosure agreements in July and September 2022. *Id.* ¶¶ 21-26. Plaintiffs terminated Defendant's employment on November 8, 2022. *Id.* ¶ 29.

Plaintiffs then brought suit on December 13, 2023, alleging Defendant violated several of their written and oral agreements, and infringed copyrights held by Plaintiff Trevari. *See generally* Am. Compl. Defendant filed an Amended Answer with forty-two[2] affirmative defenses and six counterclaims, which Plaintiffs now move to strike and dismiss. *See generally* Am. Ans.

---

[1] For purposes of this motion the Court assumes the well-pled factual allegations in Plaintiffs' Amended Complaint and Defendant's Amended Answer are true.

[2] Defendant originally pled forty-four affirmative defenses in his Answer but removed the First and Second Affirmative Defenses in his Amended Answer. *See* Am. Ans. ¶¶ 77, 78.

**STANDARDS**

**I.     Motion to Dismiss for Failure to State a Claim – Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers*, 869 F.3d at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## II.     Motion to Strike – Fed. R. Civ. P. 12(f)

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to help "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). However, motions to strike are generally disfavored and infrequently granted. *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." (quotation marks and alterations omitted)).

Courts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike. *Whittlestone*, 618 F.3d at 973. "A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Contreras, ex rel. Contreras v. Cty. of Glenn*, 725 F. Supp. 2d 1157, 1159 (E.D. Cal. 2010) (quoting *Bassett v. Ruggles*, 2009 WL 2982895, at *24 (E.D. Cal. Sept. 14, 2009)).

## DISCUSSION

## I.     Motion to Strike

Plaintiffs move to strike all forty-two of Defendant's affirmative defenses. Pls.' Mot. 2. Plaintiffs assert that eleven of Defendant's affirmative defenses are "not recognized under applicable law," twelve are instead negative defenses improperly raised as affirmative defenses, and the remaining nineteen are insufficiently pled in that they do not give Plaintiffs sufficient

notice of the defense. *Id.* In response, Defendant voluntarily withdrew his Seventh, Eighth, Twelfth, Thirteenth, Fifteenth, Seventeenth, Twenty-Second, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Seventh, Forty-Second, and Forty-Third Affirmative Defenses. Def.'s Resp. in Opp'n to Mot. to Strike ("Resp.") 3, ECF No. 27.

Motions to strike are generally disfavored. *Legal Aid Servs. of Or.*, 561 F. Supp. 2d at 1189. "However, a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to [a] plaintiff's claim[] as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party." *City of Portland v. Iheanacho*, No. 3:17- CV-00401-AC, 2018 WL 1426564, at *3 (D. Or. Mar. 22, 2018) (quotation marks omitted).

### A.     Negative Defenses[3]

Plaintiffs argue that Defendant's Fifth Defense (No Attorney Fees – 17 USC § 412), Sixth Defense (No Statutory Damages – 17 USC § 412), and Fourteenth Defense (No Willful Conduct) are mere recitations that Plaintiffs cannot meet their burden and should be stricken as impertinent. Pls.' Mot. 3. Negative defenses may be raised in an answer, *see* Fed. R. Civ. P. 8(b), and mistakenly categorizing a negative defense as an affirmative defense generally is not a basis for striking it. *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 567 (S.D. Cal. 2012). Although the

---

[3] On this basis, Plaintiffs moved to strike Defendant's Fifth Defense (No Attorney Fees – 17 USC § 412), Sixth Defense (No Statutory Damages – 17 USC § 412), Seventh Defense (No Attorney Fees), Eighth Defense (No Damages), Twelfth Defense (No Special Damages), Fourteenth Defense (No Willful Conduct), Seventeenth Affirmative Defense (Performance), Twenty-Second Affirmative Defense (Lack of Causation), Twenty-Seventh Affirmative Defense (Lack of Ownership), Twenty-Ninth Affirmative Defense (Outside the Scope of Contract), Thirty-First Affirmative Defense (Breach of Contract), and Thirty-Seventh Affirmative Defense (Lack of Trade Secrets). Pls.' Mot. 3. However, Defendant voluntarily withdrew his Seventh, Eighth, Twelfth, Seventeenth, Twenty-Second, Twenty-Seventh, Twenty-Ninth, Thirty-First, and Thirty-Seventh defenses, *see* Resp. 3, so the Court does not address those defenses.

Page 5 — OPINION AND ORDER

court has discretion to strike a negative defense, "at this stage in the litigation, striking negative defenses would do little more than tidy up the pleadings." *McBurney v. Lowe's Home Ctrs., LLC*, No. 1:13-cv-00540-ELJ-CWD, 2014 WL 2993087, at *3 (D. Idaho July 2, 2014); *see also Whittlestone, Inc.*, 618 F.3d at 973 (noting that "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial"). Plaintiffs fail to explain how they are prejudiced by the inclusion on these defenses. Plaintiffs' motion as to Defendant's Fifth, Sixth, and Fourteenth Defenses is denied.

### B.     Legally Cognizable Defenses[4]

Plaintiffs argue that the following defenses are "not recognized under applicable law": Defendant's Eighteenth Affirmative Defense (Unjust Enrichment), Twenty-First Affirmative Defense (Failure to Exercise Due Care), Twenty-Third Affirmative Defense (Third Party Fault), Twenty-Fourth Affirmative Defense (Superseding Cause), Twenty-Fifth Affirmative Defense (Lack of Notice), Thirty-Ninth Affirmative Defense (Superseding Agreement), and Forty-First Affirmative Defense (Alter Ego). Pls.' Mot. 3-6.

Plaintiffs move to strike Defendant's Eighteenth Affirmative Defense (Unjust Enrichment) on the basis that it is not a legally recognized affirmative defense. But Plaintiffs fail

---

[4] On this basis, Plaintiffs moved to strike Defendant's Thirteenth Defense (Consistent with Law and Applicable Regulations), Eighteenth Affirmative Defense (Unjust Enrichment), Twenty-First Affirmative Defense (Failure to Exercise Due Care), Twenty-Third Affirmative Defense (Third Party Fault), Twenty-Fourth Affirmative Defense (Superseding Cause), Twenty-Fifth Affirmative Defense (Lack of Notice), Twenty-Eighth Affirmative Defense (Uncertainty), Thirty-Ninth Affirmative Defense (Superseding Agreement), Forty-First Affirmative Defense (Alter Ego), Forty-Second Affirmative Defense (Unexecuted Editor's Agreement), and Forty-Third Defense (Lack of Particularity). Pls.' Mot. 3-6. However, Defendant voluntarily withdrew his Thirteenth, Twenty-Eighth, Forty-Second, and Forty-Third defenses, *see* Resp. 3, so the Court does not address those defenses.

to cite any precedent establishing that unjust enrichment is an improper affirmative defense as a matter of law, nor do they explain how it could have no possible bearing on the subject matter of the litigation. The Court concludes that Plaintiffs will not be prejudiced by this affirmative defense and Plaintiffs' motion as to Defendant's Eighteenth Affirmative Defense is denied.

Plaintiffs also move to strike Defendant's Twenty-First Affirmative Defense (Failure to Exercise Due Care), Twenty-Third Affirmative Defense (Third Party Fault), Twenty-Fourth (Superseding Cause), Twenty-Fifth Affirmative Defense (Lack of Notice), Thirty-Ninth Affirmative Defense (Superseding Agreement), and Forty-First Affirmative Defense (Alter Ego) on the basis that they are not proper affirmative defenses but rather arguments that Plaintiffs cannot meet their burden of proof. These arguments mirror those made for the "negative defenses" addressed in the previous section of this opinion. Plaintiffs' motion as to these defenses is denied for the same reasons discussed there.

### C.    Insufficiently Pled Defenses

Plaintiffs contend that Defendant's remaining[5] defenses are insufficiently pled. Although the fair notice standard does not require a detailed statement of facts, "it does require the defendant [to] state the nature and grounds for the affirmative defense." *Fed. Trade Comm'n v. Adept Mgmt., Inc.*, No. 1:16-cv-00720-CL, 2017 WL 1055959, at *1 (D. Or. Mar. 20, 2017). While many of Defendant's defenses are simply stated, the Amended Answer states sufficient facts to put Plaintiffs on notice of the grounds for most of those defenses.

---

[5] Defendant voluntarily withdrew his Fifteenth Defense (Failure to Mitigate or Avoid Damages) and Thirtieth Affirmative Defense (Failure in Equity). Resp. 3. In addition, Plaintiffs' reply indicates that they no longer request that the Court grant their motion with respect to Defendant's Eleventh Defense (Failure to Perform Conditions Precedent). Reply 19. Accordingly, the Court does not address these defenses.

Beginning with Defendant's Third Defense (Estoppel) and Twenty-Sixth Affirmative Defenses (Equitable Estoppel), Plaintiffs argue Defendant makes no allegation of any false statement, and that the affirmative defenses are therefore insufficiently pled. Pls.' Mot. 7 (citing *Keppinger v. Hanson Crushing, Inc.*, 161 Or. App. 424 (1999) (noting one of the elements of estoppel is proving ignorance)). Although Defendant does not make explicit the alleged misrepresentation in his paragraph 79, he refers to it sufficiently to put Plaintiffs on notice and describes the alleged concealment (and his ignorance of it) elsewhere in the Amended Answer. *See, e.g.*, Am. Ans. ¶ 114. Plaintiffs' motion as to Defendant's Third Defense and Twenty-Sixth Affirmative Defense is denied.

Plaintiffs challenge Defendant's Fourth Affirmative Defense (Waiver). The Amended Answer alleges that "Plaintiffs have waived their claims, because, *inter alia*, Plaintiffs expressly allowed Defendant to use the footage in the manner he did, and waived other particular conditions of the parties' alleged agreements." *Id.* ¶ 80. This allegation, and others in the Amended Answer, *see id.* ¶¶ 79, 101, and 120, puts Plaintiffs on notice of the defense and factual grounds for it. Plaintiffs' motion as to Defendant's Fourth Affirmative Defense is denied.

Plaintiffs also challenge Defendant's Ninth Defense (Unclean Hands), Thirty-Fourth Affirmative Defense (Fair Use), and Thirty-Fifth Affirmative Defense (Copyright Misuse). The Ninth Circuit recognizes the doctrine of copyright misuse, specifically describing the doctrine as a "*defense* to copyright infringement," which is the functional equivalent of an unclean hands defense that "forbids the use of the [copyright] to secure an exclusive right or limited monopoly not granted by the [Copyright] Office and which is contrary to public policy to grant." *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1090 (9th Cir. 2005) (emphasis in original) (alterations in original). As to fair use, Defendant pled that any use of allegedly copyrighted

materials by Defendant constituted fair use, and he alleged several uses in the Amended Answer. *See, e.g.*, Am. Ans. ¶¶ 110, 131. Defendant's Amended Answer puts Plaintiffs on fair notice of these defenses, which are at least related to the claims being pled. Plaintiffs' motion as to Defendant's Ninth, Thirty-Fourth, and Thirty-Fifth Affirmative Defenses is denied.

Plaintiffs also challenge Defendant's Tenth Affirmative Defense (Laches). The Supreme Court has held that laches is an appropriate defense to a copyright claim seeking injunctive relief available for claims in equity in certain "extraordinary circumstances." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 685 (2014). Plaintiffs contend that Defendant "fails to plead facts sufficient to support that any delay was unreasonable" or prejudicial, Pls.' Reply in Supp. of Mot. to Strike ("Reply") 6, ECF No. 29, but that is more than is required of an answering party at the pleadings stage. The question of whether extraordinary circumstances exist is a fact-intensive inquiry and cannot be decided on a motion to strike. Defendant gave Plaintiffs fair notice and Defendant's Tenth Affirmative Defense is neither immaterial nor impertinent. Plaintiffs' motion as to Defendant's Tenth Affirmative Defense is denied.

Plaintiffs also challenge Defendant's Sixteenth Affirmative Defense (Authority) and Nineteenth Affirmative Defense (Consent) as insufficiently pled. As discussed above, Defendant need only put Plaintiffs on "fair notice" of the defense by describing those defenses in "general terms." *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). Plaintiffs move to strike on the basis that Defendant does not support his defenses with adequate facts, and point to several facts Defendant alleged that show why these affirmative defenses will be unsuccessful. *See* Reply 7 (citing Am. Compl. ¶¶ 31, 92 101, and 137). On a motion to strike, the Court does not consider the merits of Defendant's defenses, only whether they put Plaintiffs on fair notice of legally cognizable defenses. Defendant's Sixteenth and Nineteenth Affirmative Defenses put

Page 9 — OPINION AND ORDER

Plaintiffs on fair notice. Plaintiffs' motion as to Defendant's Sixteenth Defense and Nineteenth Affirmative Defense is denied.

Plaintiffs challenge Defendant's Twentieth Affirmative Defense (Comparative Fault). This defense is unavailable to Defendant. Comparative fault in Oregon is governed by Or. Rev. Stat. § 31.600, which applies only to negligence claims not at issue here. Plaintiffs' motion as to Defendant's Twentieth Affirmative Defense is granted.

Plaintiffs challenge Defendant's Thirty-Eighth Affirmative Defense (Concealment), arguing that a party asserting such a defense must provide a basis for the duty to disclose information. Pls.' Mot. 12, citing *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1163 (9th Cir. 2012). But in Paragraph 137 of his Amended Complaint, Defendant identifies the basis for the duty to disclose as arising out of Plaintiffs' duty of good faith and fair dealing. Though not in the section of the Amended Answer that pertains to this affirmative defense, the Court finds that the facts pled are sufficient to put Plaintiffs on notice of the defense and the basis for it. Plaintiffs' motion as to Defendant's Thirty-Eighth Affirmative Defense is denied.

Plaintiffs challenge Defendant's Thirty-Second Affirmative Defense (Frustration of Performance). Plaintiffs argue this defense is insufficiently pled because Defendant cites facts "scattered about his [Amended Answer], but none of these facts have anything to do with frustration of performance." Reply 9. As noted above, Defendant need only put Plaintiffs on notice of the basis of an affirmative defense. *Kohler*, 779 F.3d at 1019. Defendant adequately alleges facts that suggest Plaintiffs frustrated his performance under their alleged agreements. *See* Am. Ans. ¶¶ 42, 87, 111, 131, 132, 134, 137, 143, and 147. Plaintiffs' motion as to Defendant's Thirty-Second Affirmative Defense is denied.

Plaintiffs challenge Defendant's Thirty-Third Affirmative Defense (Duplicative Claim). Defendant alleges that any remedies are limited to the extent that there is duplicative or overlapping recovery pursuant to the claims against Defendant for any alleged single wrong. Am. Ans. ¶ 109. Plaintiffs argue that it is not a true affirmative defense as alleged, because it goes to an element of Plaintiff's claim. Reply 10. This argument mirrors those made against the "negative defenses" addressed earlier in this opinion and Plaintiffs' motion as to Defendant's Thirty-Third Affirmative Defense is denied for the same reasons.

Plaintiffs also challenge Defendant's Thirty-Sixth Affirmative Defense (Actual License). Defendant alleges to the extent he was obligated to obtain a license for use of any footage, Plaintiffs provided such a license. Am. Ans. ¶ 112. Plaintiffs argue that Defendant does not assert this defense with the "necessary factual specificity about how, when, or in what form any alleged license was granted, and therefore does not provide fair notice to Plaintiffs about the nature of the defense." Pls.' Mot. 11. As discussed above, Defendant need only put Plaintiffs on notice of the basis of an affirmative defense. *Kohler*, 779 F.3d at 1019. Defendant has done so. Plaintiffs' motion as to the Thirty-Sixth Affirmative Defense is denied.

Plaintiffs challenge Defendant's Fortieth Affirmative Defense (Implied License). Defendant alleges that he is not liable for copyright infringement because Plaintiffs granted him an implied license in Plaintiffs' copyrighted work. Plaintiffs explain that Defendant "essentially repeats the claims from the Third, Fourth, Sixteenth, Nineteenth, and Thirty-Sixth Defenses." Pls.' Mot. 12. As with those affirmative defenses, Defendant alleges sufficient facts to provide fair notice. Plaintiffs' motion as to Defendant's Fortieth Affirmative Defense is denied.

Finally, Plaintiffs challenge Defendant's Forty-Fourth Defense (Fraud in the Inducement). In all averments of fraud, including affirmative defenses, the circumstances

constituting the fraud must be stated with particularity. Fed. R. Civ. P. 9(b). Such allegations "must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quotations omitted). "[Rule 9(b)] may be relaxed as to matters within the opposing part[ies'] knowledge." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

> Here, Defendant alleges:
>
> Plaintiffs represented that Defendant had a right to create videos for his own channel as supplemental compensation for his services and that right would not be infringed. Plaintiffs knew that the representation was not true, as they planned to revoke said right after Defendant's departure. Plaintiffs made the representation to persuade Defendant to agree to the contract. Defendant reasonably relied on this representation, and would not have entered into the contract if he had known that the representation was not true. As such, the contracts which provided said right were never created.

Am. Ans. ¶ 120. These allegations are enough to put Plaintiffs on notice of "the who, what, when, where, and how" of the alleged fraud and satisfy Rule 9(b). Plaintiffs' motion as to Defendant's Forty-Fourth Affirmative Defense is denied.

## II.    Motion to Dismiss

Plaintiffs move to dismiss Defendant's remaining six counterclaims for failure to state a claim. For the reasons that follow, the Court grants Plaintiffs' motion to dismiss Counterclaims Five and Eight, and denies the motion to dismiss Counterclaims One, Two, Six and Seven.

Plaintiffs move to dismiss Defendant's First Counterclaim (Breach of Oral Contract) and Second Counterclaim (Breach of the Duty of Good Faith and Fair Dealing). At the pleading stage, Defendant need only allege sufficient facts to state a facially plausible claim for relief. *Los Angeles Lakers*, 869 F.3d at 800. Plaintiffs argue the breach of contract claim fails because Defendant has not adequately pled breach of the alleged oral contract. Pls.' Mot. 14-15. Plaintiffs further argue that the breach of contract and good faith and fair dealing claims fail because

Defendant elsewhere admitted the oral agreement (the basis for the First and Second Counterclaims) had been superseded by the parties' later written contract. Pls.' Mot. 15-16 (citing Am. Ans. ¶ 115). But Defendant adequately alleges breach of an oral agreement that allowed him to use footage and post it to his YouTube account. Am. Ans. ¶¶ 31, 129. Whether the subsequent written agreement superseded the oral agreement is a factual question that cannot be resolved at the pleading stage. Plaintiffs' motion as to Defendant's First and Second Counterclaims is denied.

Plaintiffs also move to dismiss Defendant's Sixth Counterclaim (Copyright Cancellation). Defendant's Sixth Counterclaim alleges Plaintiffs failed to identify him as a joint author as required by the Copyright Act and the Compendium of U.S. Copyright Office Practices, and seeks equitable relief requiring Plaintiffs to "cancel each of its copyright registrations" identified in an attachment to the Amended Answer. *See* Am. Ans. ¶¶ 149-51. A federal district court may rule a copyright invalid, pursuant to 17 U.S.C. § 411(b), and enter injunctive relief requiring a party holding that invalid copyright to seek cancellation from the Register of Copyrights. Section 1806.4(F) of the Copyright Office's Compendium of U.S. Copyright Office Practices entitled "Court Ordered Cancellation" outlines this very procedure. U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices* § 101 (3d ed. 2014). Plaintiffs cite several non-binding cases that suggest a court cannot cancel a copyright by its own order. *See, e.g.*, *Brownstein v. Lindsay*, 742 F.3d 55, 58 (3d Cir. 2014). These cases do not suggest a court lacks power in equity to order a party to seek cancellation of its invalid copyright. To the contrary, the Compendium explicitly contemplates this form of relief, and the Copyright Act does not prohibit this form of relief. Plaintiffs' motion as to Defendant's Sixth Counterclaim is denied.

Plaintiffs also move to dismiss Defendant's Seventh Counterclaim (Misappropriation of Name and Likeness). Plaintiffs argue that to succeed on a misappropriation of name or likeness claim under Oregon law, "Defendant must either show that the misappropriation caused him economic damages or was used for a purpose wrongful beyond the unconsented publication itself." Pls.' Mot. 19 (citing *Anderson v. Fisher Broadcasting Cos.*, 300 Or. 452, 808-09 (1986). Plaintiffs argue this counterclaim must be dismissed because Defendant fails to "plead the element of damages." Reply 17. But Plaintiffs conflate harm, which must be pled, with monetary damages, which is a remedy a plaintiff may choose to seek when bringing a misappropriation of name or likeness claim. *Id.* Here, Defendant adequately pleads the harm resulting from the misappropriation claim: a loss of reputation and "followers." Am. Ans. ¶ 159. Defendant also pleads that "Defendant's name and likeness has been misappropriated for Plaintiffs' gain, and is currently being used for Plaintiffs' commercial advantage without Defendant's consent" and "seeks disgorgement of Plaintiffs' profits in relation to the window breaker tools sold as a result of advertisements in which he appears." *Id.* ¶¶ 160, 163. Defendant also seeks "disgorgement of Plaintiffs' profits from the associated streaming income and any other related sources, including any TikTok and other social media channels." *Id.* Defendant has sufficiently alleged a compensable harm and relief. Failure to seek specified monetary damages does not doom a misappropriation of name or likeness claim under Oregon law. Plaintiffs' motion as to Defendant's Seventh Counterclaim is denied.

Plaintiffs move to dismiss Defendant's Fifth Counterclaim (Intentional Interference with Economic Relations). Plaintiffs argue that Defendant's Fifth Counterclaim should be dismissed because it is a state law claim preempted by federal law. Defendant alleges that (1) there was the existence of a business relationship (between Defendant and YouTube/his subscribers), (2) there

was intentional interference with that relationship (through filing complaints with YouTube to take down Defendant's videos), (3) by a third party (Plaintiffs), (4) for an improper purpose (revenge for Defendant leaving), (5) a causal effect between the interference and damage to the economic relationship (through fewer videos, less revenue, and damaged reputation), and (6) damages (more than $10,000). Am. Ans. ¶¶ 141-47; *McGanty v. Staudenraus*, 321 Or. 532, 535 (1995). Federal preemption arises where "state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hillsborough Cnty., Fla. v. Automated Med. Lab'ys, Inc.*, 471 U.S. 707, 713 (1985) (quotations omitted). Here, the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, preempts state law claims arising out of submission of takedown notices because the DMCA provides its own scheme for service providers to allow copyright holders to object to alleged infringing content, and provides a cause of action to the alleged infringer for wrongful submission of takedown notices. 17 U.S.C. § 512(c), (f). Where adherence to the DMCA's provisions simultaneously subjects the copyright holder to state tort law liability, there is an irreconcilable conflict between state and federal law. *See Hillsborough Cnty.*, 471 U.S. at 713. Plaintiffs' motion as to Defendant's Fifth Counterclaim is granted.

Defendant requests leave to amend his Fifth Counterclaim. Def.'s Obj. Findings and Recommendation ("Def.'s Obj."), ECF No. 33. Specifically, Defendant requests to restate his Fifth Counterclaim as one for material misrepresentation pursuant to the DMCA. *Id.* at 3. Defendant explains that because he has already asserted the essential elements of such a claim and Plaintiffs are on notice, his request for leave to amend should be granted.

When a court has entered a case scheduling order under Rule 16 of the Federal Rules of Civil Procedure and a party requests to amend a pleading after the expiration of the deadline set

by the court, the party's request is controlled by Rule 16(b), not by Rule 15(a). *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Thus, the party requesting an amendment must first show "good cause" under Rule 16(b) and then show that its proposed amendment is proper under Rule 15(a). *Johnson*, 975 F.2d at 608.

The Ninth Circuit has explained good cause under Rule 16(b) as follows:

> "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Id.* at 609 (citations omitted); *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) ("While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b) ] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end.'" (quoting *Johnson*, 975 F.2d at 609)).

Because Defendant has alleged the essential elements of material misrepresentation pursuant to the DMCA, 17 U.S.C. § 512(f), Plaintiffs are on notice. Allowing Defendant leave to amend would not be futile, and the amendment would not prejudice Plaintiffs. Defendant is granted leave to amend his Fifth Counterclaim.

Finally, Plaintiffs challenge Defendant's Eighth Counterclaim (Unlawful Trade Practices). Plaintiffs argue that including a former employee in an advertising claim is not "unconscionable" as defined by Oregon law. To bring an unlawful trade practices claim under Or. Rev. Stat. § 646.607(1), a plaintiff must allege "unconscionable" business practices. Oregon law defines "unconscionable" in this context by offering a nonexhaustive list of unconscionable tactics: knowingly taking advantage of a customer's infirmity or ignorance, knowingly allowing a customer to enter a transaction from which he will not benefit, knowingly allowing a customer to enter a transaction he cannot pay for, or knowingly taking advantage of a customer who is a disabled serviceman. *See* Or. Rev. Stat. § 646.605(9). That list makes clear that unconscionable acts under the statute are those between a business and customers, rather than between two current or former business partners, or an employer and former employee. Defendant does not identify any case law that supports his contention that Oregon law applies to the kind of conduct he alleges is unconscionable, and the Court could find none. Plaintiffs' motion as to Defendant's Eighth Counterclaim is granted. Defendant did not request leave to amend this counterclaim. *See generally* Def.'s Obj.

## CONCLUSION

For the reasons above, Plaintiffs' motion to strike and to dismiss Defendant's counterclaims (ECF No. 25) is GRANTED in part and DENIED in part. Defendant voluntarily withdrew his Seventh, Eighth, Twelfth, Thirteenth, Fifteenth, Seventeenth, Twenty-Second, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Seventh, Forty-Second, and Forty-Third affirmative defenses, so those defenses are stricken. Plaintiffs' motion to strike is granted as to Defendant's Twentieth Affirmative Defense and denied as to the remaining defenses. Plaintiffs' motion to dismiss Defendant's counterclaims is granted as to

Counterclaims Five and Eight, and denied as to Counterclaims One, Two, Six and Seven.

Defendant is granted leave to amend his Fifth Counterclaim.

DATED this 24th day of March 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge
