William G. Wardlow, Esq. (OR Bar # 162043, Cal. Bar # 200933)
**WARDLOW LAW, LLC**
111 NW Hawthorne Avenue, Suite 7
Bend, Oregon  97703
Tel:    (541) 903-2311
William@WardlowLaw.com

Attorney for Defendant JOSHUA CANTU

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TREVARI MEDIA LLC, an Oregon limited liability company, and UNDERWATER INVESTIGATIONS LLC, an Oregon limited liability company,<br><br>　　　　Plaintiffs/Counter-Defendants,<br><br>　v.<br><br>JOSHUA CANTU, an individual, doing business as JUKE MOTION PICTURES,<br><br>　　　　Defendant/Counter-Claimant. | Case No.: 6:23-cv-01879-MK<br><br>**DEFENDANT/COUNTER-CLAIMANT JOSHUA CANTU'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Hon. Mustafa Kasubhai, presiding |

**I.    CERTIFICATE OF COMPLIANCE RE MEET AND CONFER AND WORD COUNT LIMITATION**

Pursuant to LR 7-1, Defendant, JOSHUA CANTU's ("CANTU") counsel certifies that he has conferred in good faith with Plaintiffs' counsel.  This legal memorandum also complies with the word count limitation under LR 7-2(b) and LR 54-1(e) because it contains 2,345 words which is less than the word limit.

**II.    MOTION**

Pursuant to FRCP 54(d), CANTU moves the Court to award attorney fees and costs as described herein.

Page 1    Defendant/Counter-Claimant Joshua Cantu's
　　　　Motion for Attorneys' Fees and Costs

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

### III.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Following consummation of a Settlement Agreement ("Settlement"), on October 22, 2025, Plaintiffs filed a Motion to Reopen the case and Enforce the Settlement ("Motion") (Dkt. 52) ahead of the 60-day dismissal deadline at forth in Dkt. 51.

As stated in said Motion, Section 25 of the Settlement, unambiguously provides, "[i]n any legal action or other proceeding brought to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs." *See* Ludwig Decl. ISO Motion *at* Exh. A, p. 12 (Settlement). Based thereon, both parties requested an award of attorney fees in connection with said Motion. *See* Motion at § IV(C); *and* Opposition at § X.

The parties conferred prior to the filing but were unable to resolve the matter. Plaintiffs filed a fifteen (15) page Motion together with two Declarations with Exhibits A-L which comprised an additional one hundred twenty-five (125) pages. *See* Dkt. 52, 53, *and* 54. CANTU filed an Opposition during which his attorney was required to carefully parse all arguments and misrepresentations in said Declarations while also drafting competing Declarations and Exhibits A-T which comprised one hundred six (106) pages. *See* Dkt. 55, 56, *and* 57; Wardlow Decl. ¶ 17. Plaintiffs then filed not only a Reply which included a litany of new issues and claims, but two additional Declarations comprising eighty-seven (87) more pages. *See* Dkt. 58, 59, *and* 60; Wardlow Decl. ¶ 17

This Court held a scheduling conference on December 16, 2025, during which the in-person Motion hearing was set for January 12, 2026 in Eugene, Oregon at 9:30 a.m.

Both parties and CANTU's counsel reside in Central Oregon (Bend and Redmond area). Cantu Decl. ¶ 4. As such they were all required to twice drive over Willamette Pass in icy conditions. Id. To mitigate their risk of driving in the dark, CANTU and his attorney drove over together the day before and stayed in hotels near the courthouse. Id. Upon arrival, Plaintiff's principal (Jared Leisek) saw CANTU in the lobby of his attorney's hotel and verbally acknowledged his presence. Id.

Page 2    Defendant/Counter-Claimant Joshua Cantu's Motion for Attorneys' Fees and Costs

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON 97703
541.903.2311

This Court heard approximately three (3) hours of argument on the matter.

## IV. CANTU IS THE PREVAILING PARTY

### A. 9th Circuit Appellate and Supreme Court Caselaw Confirm Cantu's Status as the Prevailing Party

The January 12, 2026 Minute Order denying Plaintiffs' Motion (Dkt. 64) ("Order") confirmed this Court's authority to hear the Motion, holding "...the Court 'has power to summarily enforce on motion a settlement agreement". *Citing* In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994)." However after hearing several hours of argument, this Court determined that summary enforcement was inappropriate. *See* Order.

More importantly, the Order also held that Plaintiffs failed to present facts supporting their stated grounds for relief, namely LR 41-1(c). As such, this Court determined said basis was groundless:

> "Plaintiffs move under LR 41-1(c), which allows 'any party to reopen the case in the event of a failure to consummate the final settlement agreement,' but here, no such failure occurred." *See* Order (*emphasis added*)

As a result, this Court DENIED said Motion.

Because CANTU prevailed on the merits of the Motion, he is the prevailing party and entitled to recover his reasonable attorney fees and costs.

To the extent Plaintiffs might suggest that the denial of their Motion was for jurisdictional reasons and CANTU cannot be the prevailing party, in Amphastar Pharms. Inc. v. Aventis Pharma SA 856 F.3d 696 (9th Cir. 2017), the Ninth Circuit Court of Appeal examined a recent US Supreme Court case and held:

> "In CRST Van Expedited Inc. v. E.E.O.C. the Supreme Court explained that HN10[ ] '**a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed**.' 136 S. Ct. 1642, 1646 [578 U.S. 419] (2016). It reversed an Eighth Circuit decision that declined to award attorneys' fees because the defendant did not win 'on the merits.' Id. at 1650, 1654. **The court elaborated at length about why defendants who prevail for various non-meritorious reasons should still be deemed 'prevailing part[ies].'** Id. at 1651-54. **In doing so it included an example where defendants prevailed for jurisdictional reasons,** Id. at 1653, **and never indicated that jurisdictional and non-jurisdictional victories should be treated differently.**"

Id. at 709-10 (*emphasis added*)

Page 3   Defendant/Counter-Claimant Joshua Cantu's
        Motion for Attorneys' Fees and Costs

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON 97703
541.903.2311

The U.S. Supreme Court decision was even more direct wherein it held:

"**Common sense undermines the notion that a defendant cannot 'prevail' unless the relevant disposition is on the merits.** Plaintiffs and defendants come to court with different objectives. A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor. The defendant, of course, might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations. **The defendant has**, however, **fulfilled its primary objective whenever the plaintiff's challenge is rebuffed,** *irrespective of the precise reason for the court's decision*. **The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.**"

CRST at 431 (*emphasis adde*d).

Although this Court denied Plaintiffs' Motion for both merits-based and quasi-jurisdictional reasons, the Supreme Court has held that distinction no longer relevant, and either way CANTU is the prevailing party because he "rebuffed" Plaintiffs' challenge. Id.

### B. The Order Finalized Dismissal of the Underlying Federal Court Action

There is no question that Plaintiffs' Motion represented a "legal action or other proceeding brought to enforce" the Settlement. *See* Settlement *at* § 25. There is no question that Motion was DENIED via the Order. The contractual fee-shifting language applies to "any action legal action or other proceeding". Id. (*emphasis added*). Because CANTU is the prevailing party in *this* legal action/proceeding, he "shall be entitled to recover reasonable attorneys' fees and costs." Id. (*emphasis added*).

Because this case was on a 60-day dismissal track (Dkt. 51), the Order also forecloses any further action on the Federal case and finalizes the dismissal, thereby proving a judicially-sanctioned material alteration in the parties' relationship. Plaintiffs may not re-file this matter in Federal Court, providing CANTU with finality in the underlying Federal case via this judicial *imprimatur*.

## V. COUNSEL'S FEE REQUEST IS FAIR AND REASONABLE

### A. The Requested Hourly Rate Is Below Market Rate for This Work

CANTU's counsel was admitted to practice law in California on June 2, 1999 (SBN 200933) and has practiced continually since that date. Wardlow Decl. ¶ 4. Since 2003 he has been admitted to practice before the Ninth Circuit in the Central and Southern Districts of

Page 4   Defendant/Counter-Claimant Joshua Cantu's
Motion for Attorneys' Fees and Costs

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON 97703
541.903.2311

California. Id. He sat for the 2016 Oregon Bar and was admitted to practice in Oregon on May 5, 2016. Id. *at* ¶ 5. He was admitted to practice in before the Oregon District Court soon thereafter. Id.

During the course of Plaintiffs' Motion, CANTU's counsel expended significant time and resources defending CANTU against two (2) separate firms and seven (7) attorneys. Id. *at* ¶ 6. As a sole practitioner, the dedication of this time has had an outsized impact on his practice. Id.

CANTU and his attorney have a written fee agreement at a rate of $575 per hour. Cantu Decl. ¶ 8. CANTU considers this rate fair and reasonable based on his counsel's experience, skill, and results obtained in defending him in this matter, as well as the estimates he received from other Oregon Intellectual Property attorneys during his search. Id.

CANTU's counsel's requested hourly rate of $575 per hour is based on a number of factors, including his 26 years of experience, the written agreement with his client, the needs of the local market, his skills and experience litigating intellectual property cases, and the typical rates for similarly-situated attorneys. Wardlow Decl. *at* ¶¶ 9, 11.

Four (4) years ago, the Oregon State Bar last published its latest Economic Survey ("Survey"). Exh. "D" to Wardlow Decl. Based upon CANTU's counsel's knowledge and experience in the area of intellectual property litigation, an hourly rate of $575 is reasonable for a litigator with his twenty-six (26) years experience, expertise, and reputation. Id. at ¶ 10. The Survey indicated that hourly rates for Business/Corporate Litigation had a 95th percentile of $730 in 2022. Id. Assuming a 4% increase per year, the current 95th percentile is $846.80.[1] Id. It should be noted that this category has the highest hourly billing rates. Id. CANTU's counsel's requested rate of $575/hour represents only 68% of the rate of the 95th percentile. Id. As such, $575/hour is *below* market rate for an Oregon intellectual property attorney who has been continuously practicing since 1999. Id. at ¶ 9.

---

[1] Note that these rates are not broken out by years of experience.

Page 5    Defendant/Counter-Claimant Joshua Cantu's
         Motion for Attorneys' Fees and Costs

### B. Time Spent Was All Necessary and Reasonable

Attached as Exhibit "H" to the Wardlow Declaration filed concurrently herewith is a spreadsheet reflecting the hours and costs for work CANTU's counsel performed in connection with defending against Plaintiffs' Motion together with descriptions of the tasks undertaken. CANTU's attorney has already dedicated 108 hours to this matter, translating into $62,100 in fees. Id.

This time includes engaging in significant legal research and investigation, including reviewing Plaintiffs' fifteen (15) page Motion together with two Declarations and Exhibits A-L which comprised an additional one hundred twenty-five (125) pages. Id. at ¶ 17. For CANTU's Opposition, his counsel was required to carefully parse all arguments and misrepresentations in said Declarations while also drafting competing Declarations and Exhibits A-T while methodically refuting each allegation, which totaled one hundred six (106) pages. Id. Plaintiffs then filed not only a Reply which included a litany of *new* issues and claims, but two *additional* Declarations comprising eighty-seven (87) *more* pages. Id. CANTU's counsel then spent significant time reviewing all new allegations and discussing same with CANTU. He then researched, prepared for, and attended the hearing on Plaintiffs' Motion, and traveled to and from said hearing. Id. Since the Order, CANTU's counsel has spent additional time researching, drafting, and conferring on the instant Motion, corresponding with CANTU, and drafting the supporting Declarations. Id.

CANTU's attorney fees will further increase as a result of his attorney's review of the anticipated Opposition hereto and time researching and drafting a Reply. Id. at ¶ 18. As such, CANTU's total hours will be updated in said Reply.

By way of comparison, during conferral on Plaintiffs' Motion, opposing counsel confirmed they had accrued between $20-25,000 in fees in the days prior to the October 16, 2025 conferral on Plaintiffs' Motion, *which was well before their October 22, 2025 filing*. Id. at ¶ 19. CANTU's counsel had incurred just over $2,700 in fees as of that date. Id.

Page 6     Defendant/Counter-Claimant Joshua Cantu's
Motion for Attorneys' Fees and Costs

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON 97703
541.903.2311

## VI. PAYMENT OF CANTU'S LITIGATION COSTS IS FAIR AND REASONABLE

As discussed above, Section 25 of the Settlement unambiguously provides for recovery of reasonable and costs in <u>any</u> legal action or other proceeding brought to enforce or interpret the terms of this Agreement.

CANTU seeks reimbursement of his reasonable and necessary litigation costs incurred in defending this Motion totaling $727.98 as documented in CANTU Decl. ¶¶ 5-7 *and* Exhs. "A"-"C", and Wardlow Decl. ¶¶ 12-14_ *and* Exhs. "E"-"G".  These out-of-pocket expenses were necessary to secure the conclusion of this Federal litigation and should be recouped.  *See, inter alia,* <u>In re Immune Response Sec. Litig.</u> 497 F. Supp. 2d 1166, 1177-1178 (S.D. Cal. 2007) (finding that costs such as photocopy costs, travel expenses, postage, are relevant and necessary expenses in class action litigation).

Because Plaintiffs' principal was seen in the lobby of CANTU's attorney's hotel the night before the hearing, it can be inferred that Plaintiffs came to the same conclusion regarding the necessity of traveling the day before, further supporting CANTU's request for reimbursement of costs of travel, hotel, and meals related to the hearing on Plaintiffs' Motion.

## VII. CONCLUSION

For the reasons set forth hereinabove and in the accompanying Declarations, CANTU respectfully requests that this Court award his reasonable Attorneys' Fees and Costs as the prevailing party pursuant to the parties' settlement agreement.

DATED this 23rd day of January, 2026.

**WARDLOW LAW, LLC**

By: *s/ William G. Wardlow*
   **William G. Wardlow**, OSB #162043
   *William@WardlowLaw.com*
   Phone: 541-903-2311
   Attorney for Defendant/Counterclaimant,
   JOSHUA CANTU

Page 7    Defendant/Counter-Claimant Joshua Cantu's
         Motion for Attorneys' Fees and Costs

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON 97703
541.903.2311

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2026, I caused to be served the following **DEFENDANT/COUNTER-CLAIMANT JOSHUA CANTU'S MOTION FOR ATTORNEYS' FEES AND COSTS; DECLARATION OF WILLIAM WARDLOW IN SUPPORT OF DEFENDANT/COUNTER-CLAIMANT JOSHUA CANTU'S MOTION FOR ATTORNEYS' FEES AND COSTS; DECLARATION OF JOSHUA CANTU IN SUPPORT OF HIS MOTION FOR ATTORNEYS' FEES AND COSTS** on the following parties via electronic service via Email:

>Michael A. Cohen, OSB #965776
>Email:  mcohen@schwabe.com
>Nika Aldrich
>Email: NAldrich@SCHWABE.com
>SCHWABE, WILLIAMSON & WYATT, P.C.
>1211 SW 5th Ave., Suite 1900
>Portland, OR  97204

>David Ludwig, Virginia Bar # 73157 (pro hac vice)
>Email: dludwig@dbllawyers.com
>Jason Witten, California Bar # 220612 (pro hac vice)
>Email: jwitten@dbllawyers.com
>DUNLAP, BENNETT & LUDWIG, PLLC
>211 Church St. SE
>Leesburg, VA 20175

by delivering to them a true and correct copy thereof, certified by me as such.

>s/ William G. Wardlow_____
>William G. Wardlow

Page 8     Defendant/Counter-Claimant Joshua Cantu's
Motion for Attorneys' Fees and Costs

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311