**Michael A. Cohen**, OSB #965776
Email: mcohen@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

**David Ludwig**, Virginia Bar # 73157
(*pro hac vice*)
Email: dludwig@dbllawyers.com
**Jason Witten**, California Bar # 220612
(*pro hac vice*)
Email: jwitten@dbllawyers.com
DUNLAP, BENNETT & LUDWIG, PLLC
211 Church St. SE
Leesburg, VA 20175
Telephone: 703-777-7319
Facsimile: 703-777-3656

(Additional Counsel Shown on Signature Page)

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **TREVARI MEDIA LLC**, and **UNDERWATER INVESTIGATIONS LLC**,<br><br>       Plaintiffs/Counter-Defendants,<br><br>  v.<br><br>**JOSHUA CANTU**, doing business as **JUKE MOTION PICTURES**,<br><br>       Defendant/Counter-Claimant. | Case No.: 6:23-cv-01879-MK<br><br>**PLAINTIFFS/COUNTER-DEFENDANTS TREVARI MEDIA LLC AND UNDERWATER INVESTIGATIONS LLC'S OPPOSITION TO DEFENDANT/COUNTER-CLAIMANT JOSHUA CANTU'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**ORAL ARGUMENT REQUESTED** |

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES AND COSTS

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

## I.   INTRODUCTION

The Court has already held that it will not hear disputes arising out of the parties' settlement agreement—a decision the Court made after considering Plaintiffs' motion to enforce that agreement.  But Defendant now moves to enforce a different portion of the same agreement—specifically, the attorney fee portion of that agreement.  Because granting the relief sought would require the Court to enforce the very settlement agreement over which the Court has previously declined jurisdiction, the Motion must be denied.

## II.   STATEMENT OF FACTS

Following years of litigation, the parties settled this case on September 23, 2025, by executing a settlement agreement.  Pursuant to the terms of that agreement, Cantu was required to remove certain videos from his social media accounts, including YouTube.  (ECF 54, §§ 4(A) & 4(B).)  Cantu was also required to withdraw certain posts on his social media accounts.  (*Id.* § 6(A).)  The agreement also states that attorneys' fees and costs for enforcement of the Settlement Agreement are to be recovered by the prevailing party.

Cantu failed to comply with his obligations.  Accordingly, on October 22, 2025, Plaintiffs filed Plaintiff/Counter-Defendants Trevari Media LLC and Underwater Investigations LLC's Motion to Enforce Settlement Agreement.  (ECF 52.)  The Motion was based on "well established" authority in the Ninth Circuit "that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it."  (*Id.*, pp. 10-11 (collecting cases).[1]

---

[1] Contrary to Cantu's representation in the instant motion (ECF 65, p. 3), the motion to enforce was not filed pursuant to L.R. 41-1, and did not seek to re-open the litigation.  The motion sought simply to have the Court enforce the settlement agreement.  (*See* ECF 52, pp. 1-2.)

It should be noted that, when the undersigned filed the Motion using CM/ECF, there was no filing code available for a motion to enforce a settlement agreement.  Accordingly, when filing, the undersigned followed this Court's recommended practice of picking the closest code and then typing in the title of the Motion.  The closest code was "Motion to Reopen Case." Accordingly, the Motion was filed with that code, followed by the complete title of the Motion. (Declaration of Samantha Burnside, filed herewith *see also* ECF 52.)

Page 1 -   PLAINTIFFS' OPPOSITION TO DEFENDANT'S
           MOTION FOR ATTORNEYS' FEES AND COSTS

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

At a hearing on January 12, 2026, the Court declined to exercise its discretionary jurisdiction to resolve the Motion. The Court asked Mr. Cantu's attorney questions concerning the narrow relief requested, and said the Court wanted to "focus right now on whether I'm going to retain jurisdiction of this case." (Hrg. Tr. p. 94.) Mr. Cantu's attorney declined to respond to the Court's questions, and after some back and forth, the Court thereafter decided, "I'm not retaining jurisdiction on this matter. You need to litigate enforcement of this breach of contract in whatever other jurisdiction." (Hrg. Tr. p. 96.) The Court followed the hearing with a minute entry stating that "material facts are in dispute and summary enforcement is therefore inappropriate."[2] (ECF 64.) .

On January 23, 2026, Cantu then filed a motion to enforce the attorney fee provision in the same Settlement Agreement. Specifically, Cantu quotes "Section 25 of the Settlement," which states, "[i]n any legal action or other proceeding brought to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs," as the sole basis for recovery. (ECF 65, p. 2.)

### III. LEGAL STANDARD

The decision whether to award fees relies on a two-part test "when the underlying action is dismissed for lack of subject matter jurisdiction." *Amphastar Pharms. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709 (9th Cir. 2017). First, the Court must evaluate whether "the fee-shifting provision 'provide[s] the district court with jurisdiction to grant an attorney fee award where subject matter jurisdiction to hear the underlying . . . claim is lacking.'" *Id.* (quoting *Zambrano v. I.N.S.*, 282 F.3d 1145, 1150 (9th Cir. 2002)). "Sometimes the answer is no." *Id.* (citing *Zambrano*, 282 F.3d at 1150). Indeed, "if the district court lacked jurisdiction over the underlying suit, it had no authority to award attorney's fees." *Smith v. Brady*, 972 F.2d 1095,

---

[2] The Court also stated, "Further, Plaintiffs move under LR 41-1(c), which allows 'any party to reopen the case in the event of a failure to consummate the final settlement agreement,' but here, no such failure occurred." Respectfully, this was error. As explained above, Plaintiffs did not move under LR 41-1(c) for the very reasons identified by the Court in its minute entry—the parties in fact consummated an agreement, and thus reopening the case was unnecessary.

Page 2 -   PLAINTIFFS' OPPOSITION TO DEFENDANT'S
            MOTION FOR ATTORNEYS' FEES AND COSTS

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

1097 (9th Cir. 1992); *see also Newtok Village v. Patrick*, 21 F.4th 608, 623 (9th Cir. 2021) (vacating fee award where the court lacked jurisdiction); *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 n.2 (9th Cir. 2007)) ("the appropriate disposition of a motion for attorneys' fees when the court lacked jurisdiction from the outset of an action is not denial of the motion . . . but dismissal of the motion for lack of jurisdiction.").

This Court has in fact noted that "A federal court that lacks subject-matter jurisdiction also lacks authority to award prevailing-party fees absent an independent grant of jurisdiction." *In re Consol. Estate of Former W2W Entities*, 2024 WL 2123765, at *1 (Bankr. D. Or. May 10, 2024) (collecting and analyzing the history of Ninth Circuit precedent on this point).

Only if the fee-shifting provision provides its own basis for jurisdiction does the court proceed to the second step, determining whether the party "has 'prevailed' on the merits." *Amphastar*, 856 F.3d at 709 (quoting *Branson v. Nott*, 62 F.3d 287, 293 (9th Cir. 1995)).

## IV. ANALYSIS

The Court has already held that it will not exercise its discretion to hear disputes arising out of the Settlement Agreement. Defendant fails at the first prong of *Amphastar*—having declined subject matter jurisdiction over the settlement agreement, there is no independent subject matter jurisdiction for an award of fees. Defendant now seeks to have the Court enforce the very agreement it resisted having the Court resolve at the hearing. Having determined that it will not enforce the agreement, the Court must deny a motion for fees arising solely out of that agreement.

Defendant's reading of *Amphastar* is misguided because he skips entirely the first prong and goes straight to the "prevailing party" prong. (*E.g.* ECF 65, p. 3.) Without an independent basis for subject matter jurisdiction, the Court cannot proceed to the second step, to analyze whether Defendant was the prevailing party on the motion to enforce.[3]

---

[3] *Amphastar* relies on *CRST Van Expedited Inc. v. E.E.O.C.*, 136 S. Ct. 1642 (2016). However, *CRST* did not concern an application for fees where the court lacked subject matter jurisdiction; rather, it concerned fees sought after a lawsuit was dismissed because EEOC failed to satisfy "nonjurisdictional prerequisites to filing." *Id.* at 1648-49, 1650.

Page 3 -   PLAINTIFFS' OPPOSITION TO DEFENDANT'S
            MOTION FOR ATTORNEYS' FEES AND COSTS

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

Defendant overstates the Ninth Circuit's holding in *Amphastar* when he argues that the "distinction" between "merits-based and quasi-jurisdictional reasons" for prevailing is "no longer relevant." (*Id.*, p. 4.) That is not the law. Where, as here, the underlying victory was purely for lack of subject matter jurisdiction, and where there is not an independent basis for jurisdiction over the fees motion, "the appropriate disposition of a motion for attorneys' fees . . . [is] dismissal of the motion for lack of jurisdiction." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d at 837 n.2; *accord Smith*, 972 F.2d 1095; *Newtok Village*, 21 F.4th at 623; ; *W2W Entities*, 2024 WL 2123765, at *1 ("A federal court that lacks subject-matter jurisdiction also lacks authority to award prevailing-party fees absent an independent grant of jurisdiction.").

To award fees here, the Court would have to enforce the very agreement the Court already decided not to enforce. Defendant's legal claim for fees is premised entirely on a clause in that same agreement. The Court, having declined subject matter jurisdiction over the agreement, must deny a motion for fees arising from that agreement for lack of subject matter jurisdiction.

## V.  CONCLUSION

For the foregoing reasons, the Court should deny the Motion in its entirety.

Dated: February 3, 2026

                    SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ Nika Aldrich*
Michael A. Cohen, OSB #965776
Email: mcohen@schwabe.com

Nika Aldrich, OSB #160306
Email: naldrich@schwabe.com
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460

Page 4 -   PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES AND COSTS

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900

|  |  |
|---|---|
| By: | *s/ David Ludwig* |
|  | David Ludwig, Virginia Bar # 73157 |
|  | (*pro hac vice*) |
|  | Email: dludwig@dbllawyers.com |
|  | Jason Witten, California Bar # 220612 |
|  | (*pro hac vice*) |
|  | Email: jwitten@dbllawyers.com |
|  | Dunlap, Bennett & Ludwig, PLLC |
|  | 211 Church St. SE |
|  | Leesburg, VA 20175 |
|  | Telephone: 703-777-7319 |
|  | Facsimile: 703-777-3656 |

*Attorneys for Plaintiffs*

Page 5 -   PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR ATTORNEYS' FEES AND COSTS

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone 503-222-9981
Fax 503-796-2900