William G. Wardlow, Esq. (OR Bar # 162043, Cal. Bar # 200933)
**WARDLOW LAW, LLC**
111 NW Hawthorne Avenue, Suite 7
Bend, Oregon  97703
Tel:    (541) 903-2311
William@WardlowLaw.com

Attorney for Defendant JOSHUA CANTU

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TREVARI MEDIA LLC, an Oregon limited liability company, and UNDERWATER INVESTIGATIONS LLC, an Oregon limited liability company, <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> JOSHUA CANTU, an individual, doing business as JUKE MOTION PICTURES, <br><br> Defendant/Counter-Claimant. | Case No.: 6:23-cv-01879-MK <br><br> **DEFENDANT/COUNTER-CLAIMANT JOSHUA CANTU'S REPLY TO PLAINTIFFS' OPPOSITION TO HIS MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br><br> Hon. Mustafa Kasubhai, presiding |

## I.    PLAINTIFFS EXPRESSLY MOVED TO REOPEN THIS CASE UNDER LOCAL RULE 41-1(c)

Plaintiffs' Opposition to the instant Motion is predicated upon their claim set forth in footnote 1 which asserts that "**the motion to enforce was not filed pursuant to L.R. 41-1, and did not seek to re-open the litigation**. The motion sought simply to have the Court enforce the settlement agreement. (See ECF 52, pp. 1-2.)" Opp. at FN 1 (*emphasis added*).

A review of the record proves otherwise.

Page 1        Defendant/Counter-Claimant Joshua Cantu's Reply to
                  Opposition to Motion for Attorneys' Fees and Costs

Plaintiffs' original Motion states, in relevant part:

**"III.    LEGAL STANDARD**

'[I]t is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it.' (*citations omitted*)

...

**This Court retains jurisdiction over this matter** at least because, when it dismissed the case **pursuant to L.R. 41-1(c) it granted leave for either party to file a motion to** <u>reopen</u> **the litigation** within 60 days. (ECF 51.) Those 60 days have not expired."

Motion to Reopen the case and Enforce the Settlement (Dkt. 52) ("Motion to Reopen") *at* pp.10-11 (*emphasis added*)

At the hearing on their Motion to Reopen, Plaintiffs further argued that "as we put in our briefs, there is case law that says that the courts generally retain jurisdiction to enforce settlement agreements."  Hearing Transcript ("Transcript") *at* 37:18-20.  Shortly thereafter, Plaintiffs' counsel again argued that "[w]e put cases in our brief that -- where courts, generally in the Ninth Circuit, enforced settlement agreements that were before the court. And I'll note that we filed our motion before the 60-day deadline expired to --."  Id. *at* 38:14-18

In its January 12, 2026 Order (Dkt. 64) on Plaintiffs' Motion to Reopen "Order", this Court correctly identified the stated basis therefor:

- "Argument held before Judge Mustafa T. Kasubhai on January 12, 2026, regarding **Plaintiffs' Motion to Reopen Case**, ECF No. [52]"

- "Plaintiffs move the Court to **reopen** this action to enforce the parties' Settlement Agreement."

- "**Plaintiffs move under LR 41-1(c)**, which allows 'any party to **reopen** the case in the event of a failure to consummate the final settlement agreement,' but here, **no such failure occurred**."

- "Plaintiffs' Motion to **Reopen** Case, ECF No. [52], is DENIED

Id. (*emphasis added*)

///

///

///

///

Page 2          Defendant/Counter-Claimant Joshua Cantu's Reply to
                Opposition to Motion for Attorneys' Fees and Costs

**WARDLOW LAW, LLC**
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

In spite of their contrary written and oral assertions, Plaintiffs now argue that the formal findings of this Court were "**error**" and that "Plaintiffs did not move under LR 41-1(c)". *See* Opposition to Motion for Fees ("Opposition") *at* FN 2.[1]

However Plaintiffs' prior assertions prove that they did move under LR 41-1(c) and that this Court made no error in so finding.

Because Plaintiffs failed to prove a failure to consummate the final settlement occurred (as required under LR 41-1(c)), this Court DENIED the Motion to Reopen. *See* Order.

## II.     BECAUSE THIS COURT HAD SUBJECT MATTER JURISDICTION OVER THE UNDERLYING CASE, THE *AMPHASTAR* TEST IS SATISFIED

The threshold test set forth in *Amphastar* is whether the court has subject matter jurisdiction over the *underlying action*.  Amphastar Pharms. Inc. v. Aventis Pharma SA 856 F.3d 696, 709 (9th Cir. 2017).  If this test is satisfied, then the court does not consider the *additional* two-part test set forth in Branson v. Nott 62 F.3d 287 (9th Cir. 1995):

> *"Branson* and its progeny set out a two-part test for analyzing whether a district court can award attorneys' fees **when the underlying action is dismissed for lack of subject matter jurisdiction**." Id. (*emphasis added*)

Plaintiffs' Opposition acknowledges this threshold test at page 2 wherein they argue that "[t]he decision whether to award fees relies on a two-part test '**when the underlying action is dismissed** for lack of subject matter jurisdiction.'"  Id. (*emphasis added*); *quoting* Amphastar.[2]

---

[1] Plaintiffs also attempt to blame their paralegal for using the "Motion to Reopen" "filing code".  Opp. *at* FN.2. However their pleading file names further confirm the basis for said Motion, namely: 2025-10-22 52 Trevari **Motion to Reopen** and Enforce Settlement.pdf; 2025-10-22 53 Trevari Decl - Leisek_ J. ISO **Motion to Reopen** and Enforce Settlement.pdf; *and* 2025-10-22 54 Trevari Decl - Ludwig, D. ISO **Motion to Reopen** and Enforce Settlement.pdf.  *See* Second Wardlow Decl. *at* ¶ 4 *and* Exh. "I".

[2] It is worth noting that each of the authorities cited by Plaintiffs, *without exception*, independently confirms the threshold test of lack of subject matter jurisdiction over the underlying action: Zambrano v. I.N.S. 282 F.3d 1145 (9th Cir. 2002) [courts award fees where they have "jurisdiction **over the underlying action**"]; Smith v. Brady 972 F.2d 1095 (9th Cir. 1992) ["if the district court lacked jurisdiction **over the underlying suit**, 'it had no authority to award attorney's fees.'"]; Newtok Village v. Patrick 21 F.4th 608 (9th Cir. 2021) ["the district court lacked subject matter jurisdiction **over this case**"]; Skaff v. Meridien N. Am. Beverly Hills, LLC 506 F.3d 832 (9th Cir. 2007)) ["A court that **lacks jurisdiction at the outset of a case** lacks the authority to award attorneys' fees."]; In re Consol. Estate of Former W2W Entities, 2024 WL 2123765 (Bankr. D. Or. May 10, 2024) ["if the district court lacked jurisdiction **over the underlying suit**, 'it had no authority to award attorney's fees.'"]; Branson v. Nott 62 F.3d 287 (9th Cir. 1995) ["where a district court lacks jurisdiction **over the underlying suit**, it also lacks authority to award attorney's fees"]. (*emphasis added at each*)  *See* Opp. *at* pp. 2-3

Page 3          Defendant/Counter-Claimant Joshua Cantu's Reply to
Opposition to Motion for Attorneys' Fees and Costs

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311

Here, the underlying action was *not* dismissed for lack of subject matter jurisdiction over the underlying action.  In fact the Order acknowledged that this "Court 'has power to summarily enforce on motion a settlement agreement,'" *citing* In re City Equities Anaheim, Ltd. 22 F.3d 954, 957 (9th Cir. 1994).[3]  As such, Plaintiffs' repeated claims that this Court lacked "subject matter jurisdiction" because it chose not to summarily enforce the Settlement are simply wrong. *See* Opp. *at* pp.2, 3, *and* 4.

## III.    PLAINTIFFS' MOTION TO REOPEN WAS NOT DENIED "PURELY FOR LACK OF SUBJECT MATTER JURISDICTION"

In spite of this Court's holding, Plaintiffs attempt to recast the Denial of their Motion to Reopen as one "**purely for lack of subject matter jurisdiction**".  Opp. *at* p.4 (*emphasis added*)

As discussed above, said Denial was *not* based on a lack of subject matter jurisdiction. Furthermore, Plaintiffs ask this Court to ignore its other independent basis for said Denial by attempting to disclaim their stated LR 41-1(c) basis and blame this Court for making an "error". Because the Order analyzed the *substance* of the Motion to Reopen as it related to LR 41-1(c), it represented a decision on the merits which is independent of any jurisdictional issues and which provides an *independent* basis for CANTU's recovery of attorney fees and costs.

## IV.    CANTU IS THE PREVAILING PARTY IRRESPECTIVE OF THE FACT THAT PLAINTIFFS COULD ATTEMPT TO SEEK RELIEF IN STATE COURT

"[A] defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant **in federal court**."  Cadkin v. Loose, 569 F.3d 1142, 1150 (9th Cir. 2009) (*emphasis added*); *citing* Miles v. California 320 F.3d 986, 989 (9th Cir 2003); *and* Oscar v. Alaska Dep't of Educ. & Early Dev. 541 F.3d 978, 981 (9th Cir. 2008) [confirming the holding in Miles].

---

[3]  **Plaintiffs' Motion to Reopen** *also* **quotes** In re City Equities Anaheim, Ltd. **22 F.3d 954, 957 (9th Cir. 1994) for this** *identical* **proposition:** "[I]t is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it.".  Motion to Reopen *at* p.10.

Defendant/Counter-Claimant Joshua Cantu's Reply to                    **WARDLOW LAW, LLC**
                 Opposition to Motion for Attorneys' Fees and Costs                  111 NW HAWTHORNE AVENUE
                                                                                                                      SUITE 7
                                                                                                          BEND, OREGON  97703
                                                                                                               541.903.2311

As the 9th Circuit Court of Appeal explained in *Miles*:

"The Supreme Court has squarely held that there is a 'prevailing party' when there has been a 'material alteration of the legal relationship of the parties.' Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603, (2001).

Here, **the underlying case was dismissed 'without prejudice to Miles' right to seek any available relief <u>in the state court.</u>' This disposition is a 'material alteration in the legal relationship of the parties'** within the meaning of the test established by the Supreme Court. **The dismissal eliminates the [] claim from further proceedings in federal court** and thus has changed the legal relationship of Miles with respect to the State. **Under these circumstances, the State is a 'prevailing party'**...".

<u>Miles</u> 320 F.3d at 989 (*emphasis added*)

The fact that Plaintiffs could seek relief in state court (which they have not), is irrelevant to the present analysis. Because the Order foreclosed any further action on this Federal case and finalized said dismissal with prejudice, per *Miles*, *Buckhannon*, and their progeny, CANTU is the prevailing party.

As discussed in the moving papers, the express terms of the written, fully-executed Settlement *require* an award of fees for *each* proceeding:

"[i]n **any** legal action or other proceeding brought to enforce or interpret the terms of this Agreement, the prevailing party **shall** be entitled to recover reasonable attorneys' fees and costs."

*See* Ludwig Decl. ISO Motion to Reopen *at* Exh. A, p. 12 (Settlement) (*emphasis added*)

Plaintiffs' Motion to Reopen was a "legal action or other proceeding brought to enforce or interpret the terms of [the] Agreement". Because CANTU was the prevailing party on said Motion, he "shall be entitled to recover reasonable attorneys' fees and costs." <u>Id</u>.

## V.    CONCLUSION

Plaintiffs do not dispute the reasonableness of CANTU's attorney fees and costs. For the reasons set forth hereinabove and in the moving papers, CANTU respectfully requests that this Court award his attorneys' fees and costs as the prevailing party pursuant to the parties' Settlement.

**WARDLOW LAW, LLC**
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON 97703
541.903.2311

DATED this 10th day of February, 2026.

WARDLOW LAW, LLC

By:     *s/ William G. Wardlow*_____
        **William G. Wardlow**, OSB #162043
        *William@WardlowLaw.com*
        Phone: 541-903-2311
        Attorney for Defendant/Counterclaimant,
        JOSHUA CANTU

Defendant/Counter-Claimant Joshua Cantu's Reply to
Opposition to Motion for Attorneys' Fees and Costs

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON 97703
541.903.2311

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of February, 2026, I caused to be served the following **DEFENDANT/COUNTER-CLAIMANT JOSHUA CANTU'S REPLY TO PLAINTIFFS' OPPOSITION TO HIS MOTION FOR ATTORNEYS' FEES AND COSTS and SECOND DECLARATION OF WILLIAM WARDLOW IN SUPPORT OF DEFENDANT/COUNTER-CLAIMANT JOSHUA CANTU'S MOTION FOR ATTORNEYS' FEES AND COSTS** on the following parties via electronic service via Email:

Michael A. Cohen, OSB #965776
Email:  mcohen@schwabe.com
Nika Aldrich
Email: NAldrich@SCHWABE.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204

David Ludwig, Virginia Bar # 73157 (pro hac vice)
Email: dludwig@dbllawyers.com
Jason Witten, California Bar # 220612 (pro hac vice)
Email: jwitten@dbllawyers.com
DUNLAP, BENNETT & LUDWIG, PLLC
211 Church St. SE
Leesburg, VA 20175

by delivering to them a true and correct copy thereof, certified by me as such.

s/ William G. Wardlow_____
William G. Wardlow

Page 7        Defendant/Counter-Claimant Joshua Cantu's Reply to
                Opposition to Motion for Attorneys' Fees and Costs

WARDLOW LAW, LLC
111 NW HAWTHORNE AVENUE
SUITE 7
BEND, OREGON  97703
541.903.2311